IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRON CURRY, DARRELL FORNEY, AND CHESTER NELSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 24-cv-01358-MMC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO APPOINT INTERIM CO-LEAD CLASS COUNSEL; VACATING HEARING** |

Before the Court is the "Motion to Appoint Interim Co-Lead Class Counsel Pursuant to Civ. R. 23(g)," filed March 15, 2024, by plaintiffs Myron Curry, Darrell Forney, and Chester Nelson (collectively, "Curry Plaintiffs"). Samuel Beloff ("Beloff"), the plaintiff in the related case, Beloff v. Wells Fargo Bank, N.A., Case No. 24-1522 MMC ("Beloff Action"), has filed a statement in support of the motion. Having read and considered the motion and the responsive statement, the Court deems the matter appropriate for resolution on said filings, VACATES the hearing scheduled for April 19, 2024, and hereby rules as follows.

In their Complaint, the Curry Plaintiffs allege that defendant Wells Fargo Bank, N.A. ("Wells Fargo"), from 2010 through 2019, "utilized automated mortgage loan modification underwriting tools to determine which default borrowers [were] qualified for a mortgage loan modification or repayment plan" (see Compl. ¶ 54), but that it "repeatedly failed to test and audit its automated mortgage loan modification underwriting tool[s]" and "likewise failed to adequately verify its automated mortgage loan modification tools and

1  standard foreclosure practices complied with consent decree requirements, regulations,
2  and law" (see Compl. ¶ 55). As a result, the Curry Plaintiffs allege, Wells Fargo
3  "wrongfully failed to approve borrowers," including the Curry Plaintiffs, "for appropriate
4  mortgage loan modifications and/or repayment plans." (See Compl. ¶ 56; see also
5  Compl. ¶¶ 104, 115, 124.) The Curry Plaintiffs seek to proceed on behalf of a putative
6  nationwide class, as well as on behalf of putative subclasses consisting of California and
7  Illinois residents. (See Compl. ¶¶ 128-30.) Beloff, in the above-referenced related Beloff
8  Action, asserts substantially similar claims (see Beloff Action, Compl. [Doc. No. 1] ¶¶ 14,
9  52-54) and seeks to proceed on behalf of a putative nationwide class (see id. ¶ 104).

10  By the instant motion, the Curry Plaintiffs seek an order appointing Marc E. Dann,
11  of The DannLaw Firm, and Thomas A. Zimmerman, Jr., of Zimmerman Law Offices, P.C.,
12  as interim co-lead class counsel.

13  Under Rule 23 of the Federal Rules of Civil Procedure, a "court may designate
14  interim counsel to act on behalf of a putative class before determining whether to certify
15  the action as a class action." See Fed. R. Civ. P. 23(g)(3). In determining whether to
16  appoint such counsel, a court "must consider: (i) the work counsel has done in identifying
17  or investigating potential claims in the action; (ii) counsel's experience in handling class
18  actions, other complex litigation, and the types of claims asserted in the action;
19  (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will
20  commit to representing the class." See Fed. R. Civ. P. 23(g)(1)(A). Additionally, a court
21  "may consider any other matter pertinent to counsel's ability to fairly and adequately
22  represent the interests of the class." See Fed. R. Civ. P. 23(g)(1)(B).

23  Here, the Court finds a sufficient showing (see Pls.' Mot. at 7-11) has been made
24  that the proposed interim class counsel have "performed significant work to identify,
25  investigate, and prosecute [d]efendant for the alleged conduct" on which the instant
26  action is based (see Zimmerman Decl. [Doc. No. 16-1] ¶ 7 (explaining nature of
27  investigation)), that said proposed interim class counsel have many years of experience
28  in conducting class actions, including pursuing and resolving class action lawsuits against

Wells Fargo (see id. Ex. A at 6, 14, Ex. B at 19-20, 27-28),[1] that they have knowledge of the applicable law, including the procedural law applicable to federal class actions (see id. Ex. A at 10-17, Ex. B at 20, 27-28, 37-40), and that their respective firms have the resources necessary to pursue the instant action on behalf of a class (see id. ¶ 8.)

Accordingly, the Court hereby GRANTS plaintiffs' motion and APPOINTS Marc E. Dann of The DannLaw Firm and Thomas A. Zimmerman, Jr., of Zimmerman Law Offices, P.C. as interim co-lead class counsel.  Interim co-lead class counsel shall have the joint responsibility for, and authority over, the following matters as to this action, the related Beloff Action, and, unless the Court otherwise orders, any subsequently related cases:

    a.  The initiation, response, scheduling, briefing, and argument related to all pleadings or motions;

    b.  The scope, order, and conduct of all discovery proceedings;

    c.  Communicating with the Court, defendant's counsel, putative class members, and all plaintiffs and plaintiffs' counsel in any related matters;

    d.  Ensuring all work by plaintiffs' counsel in this case and any other related cases is in the best interest of the plaintiffs and the proposed classes and is based on the qualifications and expertise of the persons assigned particular tasks or responsibilities, counsel's knowledge of the law, facts and issues, efficiency, and cost effectiveness;

    e.  Directing, supervising and monitoring the activities of additional plaintiffs' counsel, if any, and implementing procedures to ensure that schedules are met and unnecessary expenditures of time and funds by counsel are avoided;

    f.  Employing and consulting with experts;

    g. Conducting settlement discussions with defendant on behalf of the plaintiffs and the proposed classes in this case and any other related cases to resolve this litigation as interim co-lead class counsel deem appropriate, subject to approval of the Court where

---

[1] In citing to the exhibits to the Declaration of Thomas A. Zimmerman, Jr., the Court has used herein the page numbers affixed to the top of the page by this district's electronic filing program.

1 required;

2     h.  Assessing litigation costs, as appropriate, and collecting such assessments;

3     i.  Reviewing time, lodestar, and expense reports from plaintiffs' counsel in this case and any other related cases, including paralegals and other staff members, at monthly intervals;

6     j.  Allocating attorneys' fees and costs among plaintiffs' counsel in this case and any related case; and

8     k.  Overseeing the conduct of the litigation in this case and any other related matters, so that such litigation proceeds smoothly and efficiently, and performing such other duties as necessary or as authorized by further order of the Court.

**IT IS SO ORDERED.**

Dated: April 3, 2024

MAXINE M. CHESNEY
United States District Judge