Amanda L. Groves (SBN: 187216)
agroves@winston.com
Shawn R. Obi (SBN: 288088)
sobi@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Angela A. Smedley (*pro hac vice* forthcoming)
asmedley@winston.com
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

Attorneys for Defendant
WELLS FARGO BANK, N.A.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Wells Fargo Mortgage Modification Litigation* | Case No. 3:24-cv-01358-MMC<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE OTHER ACTION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*Filed concurrently with Declaration of Michael Lavetter; and [Proposed] Order*]<br><br>Judge:   Hon. Maxine M. Chesney<br><br>Date:    November 29, 2024<br>Time:   9:00 a.m.<br>Place:   San Francisco Courthouse<br>            Courtroom 7 – 19th Floor<br>            450 Golden Gate Avenue, San Francisco, CA 94102<br>Judge:   Hon. Maxine M. Chesney<br><br>Complaint Filed: March 7, 2024<br>Consolidated Class Action Complaint Filed: July 8, 2024 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on November 29, 2024, at 9:00 a.m., or as soon after that as may be heard, in Courtroom 7 of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") will and hereby does move the Court to consolidate the above-captioned case with *Barbara Prado, individually and on behalf of all others similarly situated v. Wells Fargo & Co. and Wells Fargo Bank, N.A*, No. 3:24-cv-05105 (N.D. Cal. Aug. 13, 2024) under Rule 42 of the Federal Rules of Civil Procedure.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the record in this action, and any other written or oral submission that may be presented at or before the hearing on this motion.

Dated: October 15, 2024                    WINSTON & STRAWN LLP


By: */s/ Shawn R. Obi*
    Amanda L. Groves (SBN: 187216)
    agroves@winston.com
    Shawn R. Obi (SBN: 288088)
    sobi@winston.com
    WINSTON & STRAWN LLP
    333 S. Grand Avenue, 38th Floor
    Los Angeles, CA 90071
    Telephone: (213) 615-1700
    Facsimile: (213) 615-1750

    Angela A. Smedley (pro hac vice forthcoming)
    asmedley@winston.com
    WINSTON & STRAWN LLP
    35 W. Wacker Drive
    Chicago, IL 60601
    Telephone: (312) 558-5600
    Facsimile: (312) 558-5700

    Attorney for Defendant,
    WELLS FARGO BANK, N.A.

# TABLE OF CONTENTS

**Page**

I. RELEVANT FACTUAL BACKGROUND ........................................................................... 1

    A. The Curry class action (now In re Wells Fargo Mortgage Modification Litigation) ........ 1

    B. In re Wells Fargo Mortgage Modification Litigation Consolidation with the Beloff Action ............................................................................................................................. 2

    C. The Prado Action ........................................................................................................... 3

II. ARGUMENT ..................................................................................................................... 3

    A. Class Actions Are Particularly Well-Suited For Consolidation ..................................... 3

    B. Common Questions of Law and Fact Favor Consolidation of These Actions ............... 4

    C. Consolidation Will Save Time and Effort and Will Not Cause Inconvenience, Delay, or Expense ......................................................................................................... 7

    D. The Court Should Order Plaintiffs to File a Consolidated, Master Pleading .................. 8

III. CONCLUSION .................................................................................................................. 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amador v. Logistics Express, Inc.*,
   2010 WL 3489038 (C.D. Cal. Aug. 27, 2010)..........................................................................4, 7

*Ameranth, Inc. v. Pizza Hut, Inc.*,
   No. 11-CV-1810 JLS NLS, 2012 WL 3223694 (S.D. Cal. Aug. 6, 2012) ................................9

*BizCloud, Inc. v. Comput. Scis. Corp.*,
   2014 WL 1724762 (N.D. Cal. Apr. 29, 2014) ...........................................................................4

*Brown v. Accellion, Inc.*,
   No. 5:21-CV-01155-EJD, 2022 WL 767279 (N.D. Cal., Mar. 14, 2022) .................................7

*Cadena v. Am. Honda Motor Co.*,
   No. CV 20-511-MWF, 2020 WL 3107798 (C.D. Cal. June 9, 2020).......................................3

*Crews v. Rivian Auto., Inc.*,
   No. 2:22-CV-01524-RGK-EX, 2022 WL 17883615 (C.D. Cal. July 1, 2022) .....................5, 6

*Diaz v. First Am. Home Buyers Prot. Co.*,
   2014 WL 12696519 (S.D. Cal. Sept. 25, 2014).....................................................................4, 7

*Imran v. Vital Pharms., Inc.*,
   No. 18-cv-05758-JST, 2019 WL 12340204 (N.D. Cal. Oct. 17, 2019)....................................8

*Ind. State Dist. Council of Laborers and Hod Carriers Pension Fund v. Gecht*,
   No. C-06-7274 EMC, 2007 WL 902554 (N.D. Cal. Mar. 22, 2007).........................................4

*Investors Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*,
   877 F.2d 777 (9th Cir. 1989) .....................................................................................................3

*Melgoza v. Aegis Senior Cmtys. LLC*,
   No. 3:22-cv-01756-LB, 2022 WL 1693706 (N.D. Cal. May 26, 2022) ................................5, 7

*In re Oreck Corp. Halo Vacuum and Air Purifiers Mktg. and Sales Pracs. Litig.*,
   282 F.R.D. 486 (C.D. Cal. 2012) .....................................................................................4, 5, 8

*Ross v. U.S. Bank Nat'l Ass'n*,
   542 F. Supp. 2d 1014 (N.D. Cal. 2008) ....................................................................................9

*Taylor v. Schneider Nat'l Carriers, Inc.*,
   2010 WL 11515254 (C.D. Cal. Oct. 27, 2010).........................................................................4

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prods. Liab. Litig.*,
  785 F. Supp. 2d 925 (C.D. Cal. 2011) ..................................................................................8

**Statutes**

Cal. Bus. and Prof. Code. § 17200, et seq. .................................................................................2

Cal. Penal Code § 496(c) ............................................................................................................3

Illinois Consumer Fraud and Deceptive Practices Act ...............................................................2

**Other Authorities**

Fed. R. Civ. P. 42(a) ........................................................................................... *passim*

Manual for Complex Litigation § 21.15 (4th ed.) .......................................................................8

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs in two putative class actions make similar allegations that Wells Fargo Bank, N.A. ("Wells Fargo") erroneously denied mortgage loan assistance to borrowers due to errors in connection with its mortgage servicing. These cases contain common questions of fact and law under Fed. R. Civ. P. 42(a)—whether Plaintiffs can prove that Wells Fargo erred regarding mortgage loan modifications for its customers, that any alleged errors were unlawful, and thereby injured borrowers. Further, the two actions seek to represent nearly identical classes. On that basis and in the interest of judicial economy, Wells Fargo Bank moves to consolidate *Barbara Prado, individually and on behalf of all others similarly situated v. Wells Fargo & Co. and Wells Fargo Bank, N.A*, No. 3:24-cv-05105 ("the *Prado* action") filed August 13, 2024 in the United States District Court for the Northern District of California with the above-captioned case.[1] Consolidation would prevent the waste of time and money that would necessarily involve duplicative discovery and proceedings over the same factual and legal questions. Litigating the cases separately would be inefficient and wasteful, raising the risk of inconsistent adjudication.

This Court already consolidated another putative class action with the instant case in April 2024, *Beloff v. Wells Fargo Bank, N.A.*, No. 3:24-cv-01522-MMC (filed Mar. 12, 2024) ("the *Beloff* action"). Now, the *Prado* action, another related case alleging similar facts and claims against Wells Fargo, has been filed. Consequently, under Rule 42(a) of the Federal Rules of Civil Procedure, the Court should consolidate this case with the *Prado* action for all purposes, including filing a single, consolidated master complaint.

**I.    RELEVANT FACTUAL BACKGROUND**

    **A.    The *Curry* class action (now *In re Wells Fargo Mortgage Modification Litigation*)**

On March 7, 2024, Plaintiffs filed a class action complaint titled *Myron Curry, Darrell Forney and Chester Nelson, individually and on behalf of all others similarly situated v. Wells Fargo Bank, N.A.*, No. 24-cv-01358-MMC ("the *Curry* action") against Defendant Wells Fargo Bank, N.A.

---

[1] Wells Fargo moves because the *In re Wells Fargo Mortgage Modification Litigation* and *Prado* cases share common questions of law and fact as to each other for purposes of consolidation. Wells Fargo makes no argument here that there are any common questions or predominating issues of law and/or fact across the putative classes proposed in the *Prado* action and *In re Wells Fargo Mortgage Modification Litigation*. Wells Fargo reserves all rights to raise such arguments in opposition to any forthcoming motion for class certification.

("Defendant").  *See generally* Compl., ECF No. 1.  In the *Curry* action, Plaintiffs, individually and on behalf of a putative class of similarly situated individuals, sought damages for Wells Fargo's alleged wrongful conduct of denying loss mitigation applications based on an admitted "calculation error" that Wells Fargo informed them occurred when Wells Fargo began disclosing these errors in letters sent beginning in early January 2024.  *See, e.g.*, *Curry* Complaint (Dkt 1), ¶¶ 1–13, 104–108, 115–118, and 124–127.  Based on these allegations, Plaintiffs asserted claims for relief for (1) Breach of Contract, (2) Intentional Infliction of Emotional Distress, (3) Negligence, (4) Fraudulent Concealment, (5) Violations of California's Homeowners Bill of Rights, (6) Violations of California's Unfair Competition Law, Cal. Bus. and Prof. Code. § 17200, *et seq*. ("UCL"), and (7) Violations of the Illinois Consumer Fraud and Deceptive Practices Act.  *See, e.g., id.* ¶¶ 142–219.

### B.   *In re Wells Fargo Mortgage Modification Litigation* Consolidation with the *Beloff* Action

While the *Curry* action was pending, another putative class action raising similar allegations and making similar claims, the *Beloff* action, was filed on March 12, 2024.  *See* Ex. A to Zimmerman Decl. ("Beloff Complaint") (Dkt 28-1).  In that action, Beloff, individually and on behalf of a putative class of similarly situated individuals, sought damages for Wells Fargo's alleged wrongful conduct of denying loss mitigation applications based on an admitted "calculation error" that Wells Fargo informed him occurred when Wells Fargo began disclosing these errors in letters sent beginning in early January 2024. *Id*. ¶¶ 1–13, 100–103.  Based on these allegations, Beloff asserted claims for relief for (1) Breach of Contract, (2) Intentional Infliction of Emotional Distress, and (3) Negligence.  *Id*. ¶¶ 116–156.  Beloff sought class certification, declaratory and injunctive relief, compensatory damages, statutory damages, punitive damages, restitution, disgorgement, pre- and post-judgment interest, and reasonable attorneys' fees, expenses, and costs.  *See id.*

On April 8, 2024, the plaintiffs in the *Curry* action moved to consolidate that case with the later-filed *Beloff* action.  Motion to Consolidate (Dkt 28).  Because "both cases raise similar claims, and seek to certify substantially similar classes and subclasses," the Court consolidated the Complaint with the *Beloff* action.  April 23, 2024 Order at 2 ("Consol. Order") (Dkt 34).

On July 8, 2024, Plaintiffs filed their Consolidated Complaint, captioned *In re Wells Fargo Mortgage Modification Litigation*, No. 3:24-cv-01358-MMC. Consolidated Class Action Compl. ("CCAC") (Dkt 41). Wells Fargo moved to dismiss the CCAC on September 20, 2024. Wells Fargo's Motion to Dismiss Plaintiff's CCAC (Dkt 56). That motion is scheduled for hearing on December 6, 2024. *Id*.

### C.   The *Prado* Action

The *Prado* action is a related class action filed on August 13, 2024. *See generally* Declaration of Michael Lavetter Ex. A (*Prado* action Complaint ("*Prado* Compl.")); September 26, 2024 Related Case Order (Dkt 64). The *Prado* action depends on essentially the same allegations about the error(s) in connection with Wells Fargo's mortgage servicing of potential class members. The *Prado* action alleges that Wells Fargo made an "undisclosed 'error' relating to mortgage loan modifications of its customers … unilaterally overcharged tens of thousands of consumers (including Plaintiff) on their mortgage loan accounts in connection with certain modifications, and then attempted to settle these damages by sending cashier's checks to the customers without explaining the error." *Prado* Compl. ¶¶ 1–2. According to the plaintiffs in the *Prado* action ("*Prado* Plaintiffs"), "the consumers who negotiated the cashier's checks recovered only a fraction of their actual damages" and "consumers, including Plaintiff, fac[e] ongoing harm and out-of-pocket loss that has yet to be reimbursed." *Id*. ¶¶ 6, 8. The *Prado* action asserts four causes of action against Wells Fargo, including for: Violation of the UCL, Violation of California Penal Code 496(c), Conversion, and Unjust Enrichment.

## II.   ARGUMENT

### A.   Class Actions Are Particularly Well-Suited For Consolidation

The Court has "broad discretion to consolidate actions involving 'common issues of law or fact.'" Fed. R. Civ. P. 42(a); *Investors Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir.1989). When exercising that discretion, "[c]onsolidation is generally favored." *Cadena v. Am. Honda Motor Co.*, No. CV 20-511-MWF (PJWX), 2020 WL 3107798, at *2 (C.D. Cal. June 9, 2020) (citations omitted). "All that is required is that the district court find … [common issues of fact or law] exist and that consolidation will prove beneficial." *Ind. State Dist. Council of Laborers and Hod*

*Carriers Pension Fund v. Gecht*, No. C-06-7274 EMC, 2007 WL 902554, at *1 (N.D. Cal. Mar. 22, 2007). Because a single, common question of law or fact is all that Rule 42 requires, a court "may consolidate … actions even if there is not a strict identity of claims or parties." *Amador v. Logistics Express, Inc.*, 2010 WL 3489038, at *1 (C.D. Cal. Aug. 27, 2010) (citations omitted); *see also Taylor v. Schneider Nat'l Carriers, Inc.*, 2010 WL 11515254, at *1 (C.D. Cal. Oct. 27, 2010) ("[W]e may consolidate two actions even if there is not a strict overlap of claims or parties.") (collecting cases).

To decide whether consolidation is appropriate, the Court should weigh "'the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause.'" *BizCloud, Inc. v. Comput. Scis. Corp.*, 2014 WL 1724762, at *2 (N.D. Cal. Apr. 29, 2014) (quoting *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984)). To that end, "[c]ourts recognize that class action suits are ideally suited to consolidation because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned." *Diaz v. First Am. Home Buyers Prot. Co.*, 2014 WL 12696519, at *2 (S.D. Cal. Sept. 25, 2014) (citing *In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976)). "Consolidation further facilitates discovery, conserves judicial resources, and reduces the confusion and delay that result from prosecuting related class action cases separately." *Id.* (citing *In re Equity*, 416 F. Supp. at 176).

**B.  Common Questions of Law and Fact Favor Consolidation of These Actions**

At their core, these related cases share common questions of law and fact sufficient for the Court to order consolidation.

*First*, the cases involve many common issues of fact. Each complains of errors Wells Fargo allegedly made in servicing borrowers' mortgage loan accounts. CCAC ¶ 2; *Prado* Compl. ¶ 3. Although the CCAC and the *Prado* complaint do not duplicate every cause of action, consolidation can and should be ordered. District Courts in California have consolidated class actions where common issues of fact were found, but less than a complete overlap of claims existed. *See In re Oreck Corp. Halo Vacuum and Air Purifiers Mktg. and Sales Pracs. Litig.*, 282 F.R.D. 486, 492 (C.D. Cal. 2012) (consolidating six consumer fraud putative class actions involving allegations of consumer fraud based on either the purchase of vacuum cleaners or the purchase of air filters); *see also Melgoza v. Aegis Senior*

*Cmtys. LLC*, No. 3:22-cv-01756-LB, 2022 WL 1693706 (N.D. Cal. May 26, 2022) (consolidating two putative wage and hour class action cases which contained six identical causes of action, but one complaint included an additional state law claim (*Salgona*) and the other complaint (*Melgoza*) included an additional federal law claim and another state law claim). In consolidating the cases, this Court noted that "[d]espite the differences, both cases are pending in this court and the state-law claims … overlap," and "the putative class in *Melgoza* action is subsumed within the putative class in *Salgona*." *Id*. at *2. Moreover, "[t]he actions (1) involve similar questions of law and fact (namely whether the defendant has violated California wage-and-hour laws) and (2) are at a similar stage." *Id*.

Similarly, in *In re Oreck*, the court consolidated the putative class actions even though some cases arose out of the plaintiffs' purchase of vacuum cleaners, while others arose out of the purchase of air filters. The plaintiffs in one of the cases opposed consolidation and argued that the vacuum cleaners and air purifiers were "separate products" that were separately marked. 282 F.R.D. at 489. The court rejected that argument: the actions presented common questions of law and fact despite their differences. *Id*. at 490. As the court explained, "[a]lthough the technology underlying the … vacuums and air purifiers is different … the gravamen of each action is that [defendant] misled consumers into purchasing products that did not perform as advertised. As such, the actions involve common questions of law and fact." *Id*. at 491.

Here, both actions allege that Wells Fargo made errors while servicing borrowers' mortgages in evaluating them for loan modifications which impacted the borrowers. CCAC ¶¶ 2, 5–6; *Prado* Compl. ¶ 3. Wells Fargo subsequently informed potentially impacted borrowers via a letter of this alleged error. CCAC ¶¶ 79–81, 103–105; *Prado* Compl. ¶¶ 34–38, 44–48. And both actions allege these errors injured the borrowers. CCAC ¶¶ 2, 242, 250, 262, 274, 283, 289, 300, 310, 319–320, 333, 344, 356, 368; *Prado* Compl. ¶¶ 100, 109–110. These similarities are more than sufficient for the Court to consolidate these cases. *See, e.g.*, *Crews v. Rivian Auto., Inc.*, No. 2:22-CV-01524-RGK-EX, 2022 WL 17883615, at *2 (C.D. Cal. July 1, 2022) (consolidating cases that present "similar legal and factual issues—whether identical defendants, during an identical class period, made material misstatements that caused loss to the plaintiffs.")

When the Court consolidated the *Curry* and *Beloff* actions, it evaluated that very question and concluded the common questions of law of fact involved in those cases, in particular "(1) whether Wells Fargo reviewed an application for loss mitigation submitted by the Plaintiffs and putative class members; (2) whether Wells Fargo's alleged calculation error caused the loss mitigation applications to be wrongfully denied; and (3) whether the respective Plaintiffs and putative class members suffered damages as a result of the alleged calculation error." *Id*. Because the *Prado* action is based on substantially similar allegations, it, too, should be consolidated.[2]

*Second*, because the *Prado* action seeks to represent a class nearly identical to the class defined in the CCAC, not consolidating would create duplicative motions practice and potentially inconsistent class certification rulings. The CCAC and the *Prado* action define the following putative classes:

| CCAC | The *Prado* action |
|---|---|
| All persons, as identified by Defendant constituting mortgagors and for which Defendant was the mortgagee or servicer, in the United States who since January 1, 2008 (i) qualified for a home loan modification, (ii) either were denied a temporary or permanent loan modification by Defendant due to a calculation error in Defendant's loan modification decision process, or received a temporary or permanent loan modification by Defendant based on inaccurate calculations due to a calculation error in Defendant's loan modification decision process, and (iii) were sent an apology letter from Defendant stating that an error may have occurred related to their loan modification. | All persons within the United States who received at least one letter from Wells Fargo alerting them that an error occurred relating to their mortgage loan and/or modification and enclosing a payment to compensate such customer such error within the statutory time period for claims brought in this complaint. |
| CCAC ¶ 214 | *Prado* complaint ¶ 68 |

Because each class substantially consists of Wells Fargo's borrowers impacted by an error related to their loan modification, the *Prado* class is coextensive with the instant putative class. *Compare Prado* Compl. ¶ 68, *with* Consol. Compl. ¶ 214. Any differences in class definitions do not prevent

---

[2] Although not dispositive, the Court has already determined that the *Prado* action is related to this case because they "concern substantially the same parties, property, transaction or event" and "it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." *See* Sept. 26, 2024 Related Case Order (Dkt 64); L.R. 3-12(a).

consolidation. *Amador*, 2010 WL 3489038, at *1 ("Though the class definitions and claims somewhat differ, the numerous common legal questions presented warrant consolidation of the two cases.").

### C. Consolidation Will Save Time and Effort and Will Not Cause Inconvenience, Delay, or Expense

These two cases' broad factual and legal overlap means that consolidation will save time and effort. *See Diaz*, 2014 WL 12696519, at *3 (consolidating putative class actions that "would involve many of the same arguments, documents and witnesses in any motion or trial" and because the "complaints in both actions … purport[ed] to represent an overlapping putative class"); *Brown v. Accellion, Inc.*, No. 5:21-CV-01155-EJD, 2022 WL 767279, at *3 (N.D. Cal., Mar. 14, 2022) (consolidating putative class actions that "could create duplicative and overlapping discovery efforts, pretrial motions, class certification filings relating to similar or the same classes, and other case management issues, which would result in what Rule 42(a) is aimed at avoiding: inefficiency"). On the other hand, litigating separately will no doubt involve overlapping, duplicative discovery, including "many of the same … documents and witnesses …" *Diaz*, 2014 WL 12696519, at *3; *see also Brown*, 2022 WL 767279, at *3 (recognizing that not consolidating overlapping class actions "could create duplicative and overlapping discovery efforts").

Conversely, consolidation will not cause inconvenience, delay, or expense as both cases are at a similar stage. Here, Wells Fargo has moved to dismiss the CCAC, but the motion has not been fully briefed. No responsive pleading has been filed in the *Prado* action. No pretrial schedule has been set in either case, and discovery has not commenced. Accordingly, rather than causing inconvenience, delay, or additional expense, "consolidating all the identified cases will allow the cases to proceed at the same pace, promote judicial economy by lessening the Court's burden of managing [the cases], and streamline the parties' discovery and briefing efforts … ." *Brown*, 2022 WL 767279, at *3; *see also Melgoza*, 2022 WL 1693706, at *1 (consolidating putative class actions that were "at a similar stage" when "no party … identified any inconvenience, delay, or expense that could result from consolidation"); *see also In re Oreck*, 282 F.R.D. at 490 ("[F]actors that counsel against consolidation, such as differing trial dates or stages of discovery, are not present here.").

Although there is no complete overlap of claims, there is indeed overlap, and the underlying alleged conduct on which the claims are based is fundamentally the same. *See supra* Section II.B. Also, the putative classes in the CCAC and *Prado* are substantially similar. *Id*. Finally, the cases are at similar stages. Each of these factors strongly favors consolidation.

### D. The Court Should Order Plaintiffs to File a Consolidated, Master Pleading

As discussed above, the factual basis for the claims in each action is substantially similar, presenting common questions of law and fact. *See supra* Sections I.B, I.C, II.B. Thus, it is appropriate that after consolidation the Court orders the filing of a master consolidated complaint. *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prods. Liab. Litig.*, 785 F. Supp. 2d 925, 931 (C.D. Cal. 2011) (Consolidating multiple pleadings into a master complaint is "a procedural device designed to promote judicial economy.") It is "common practice in consolidated multiple cases, including class actions, is to encourage [the] use of a master pleading." *Imran v. Vital Pharms., Inc.*, No. 18-cv-05758-JST, 2019 WL 12340204, at *2 (N.D. Cal. Oct. 17, 2019) (quoting Manual for Complex Litigation § 21.15 (4th ed.)). Adopting this practice, when the Court consolidated *Beloff* with *Curry* it ordered Plaintiffs to file a master consolidated amended complaint. Consol. Order at 2.

The need for a single, consolidated complaint is clear from the *Prado* Plaintiffs' response to Wells Fargo's notice of related cases. Resp. to Wells Fargo's Notice of Pendency of Other Actions or Proceedings (Dkt 55) (filed Sept. 20, 2024). There, the *Prado* Plaintiffs advocate for maintaining two separate actions, arguing that the CCAC combines "two heterogenous groups of plaintiffs' claims." *Id*. at 3. But this is not necessary or efficient, as the CCAC entirely subsumes the *Prado* class. The *Prado* complaint limits the class to borrowers who received loan modifications and letters from Wells Fargo concerning a possible error relating to their mortgage loan and/or modification. *Id*. The *Prado* plaintiffs argue that the two actions do not "*substantially* concern the same parties, property, transaction, or event" because the putative *Prado* class consists only of borrowers who received modifications and letters from Wells Fargo, while the CCAC includes plaintiffs who were denied a loan modification and lost their home. *Id*. at 4. If this were the test, virtually no class action could be consolidated. Instead, the "existence of a common question by itself is enough to permit consolidation under Rule 42(a), even if

the claims arise out of independent transactions." *Ameranth, Inc. v. Pizza Hut, Inc.*, No. 11-CV-1810 JLS NLS, 2012 WL 3223694, at *3 (S.D. Cal. Aug. 6, 2012) (citation omitted). Further, "[i]n a class action, the classes, and not the class representatives, are compared." *Ross v. U.S. Bank Nat'l Ass'n*, 542 F. Supp. 2d 1014, 1020 (N.D. Cal. 2008). At best, the putative class in the *Prado* action is a subclass of the CCAC class.

The *Prado* Plaintiffs propose to proceed with two separate actions, either as filed or with a reconfiguring of certain plaintiffs. Dkt 55 at 4–5. This approach is inefficient, wasteful, and duplicative. First, as noted, the classes are coextensive, thus requiring duplicative class certification proceedings. Second, the discovery in each case will involve Wells Fargo's mortgage servicing of the borrower—necessarily implicating the same information, documents, and witnesses. The insignificant differences between the complaints do not require or justify the burden and expense of separate, duplicative discovery. Finally, even though the claims asserted vary slightly between the cases, the bases of these complaints are similar enough to raise largely identical legal questions. The result of proceeding separately would be repetitive motion and trial practice. Such duplication is not only unnecessary, inefficient, and burdensome; it also risks inconsistent outcomes.

## III.   CONCLUSION

Because the *Prado* action and this action contain "a common question of law or fact" and consolidation would reduce inconvenience, delay, and expense by preventing duplicative discovery, duplicative motion practice, and inconsistent class certification proceedings, Wells Fargo requests that the Court consolidate these two actions for all purposes.

| | |
|---|---|
| Dated: October 15, 2024 | WINSTON & STRAWN LLP |

By: */s/ Shawn R. Obi*
    Shawn R. Obi
    Amanda L. Groves (SBN: 187216)
    agroves@winston.com
    Shawn R. Obi (SBN: 288088)
    sobi@winston.com
    WINSTON & STRAWN LLP
    333 S. Grand Avenue, 38th Floor
    Los Angeles, CA 90071
    Telephone: (213) 615-1700
    Facsimile: (213) 615-1750

    Angela A. Smedley (pro hac vice forthcoming)
    asmedley@winston.com
    WINSTON & STRAWN LLP
    35 W. Wacker Drive
    Chicago, IL 60601
    Telephone: (312) 558-5600
    Facsimile: (312) 558-5700

    Attorney for Defendant,
    WELLS FARGO BANK, N.A.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2024, a copy of the foregoing pleading, with any and all attachments, was filed electronically with the clerk of court via ECF, which will serve all counsel of record.

Dated: October 15, 2024                    By: /s/ *Shawn R. Obi*
                                                Shwan R. Obi

-11-
DEFENDANT'S MOTION TO CONSOLIDATE OTHER ACTION
CASE NO. 3:24-CV-01358-MMC