# EXHIBIT A

| Commonality Allegations | | |
|---|---|---|
| Common Issues of fact and law alleged in ¶ 226 *In re Wells Fargo Mortgage Modification Litigation* ("*In re WFMML*"), ECF 41. | Common Issue of fact and/or law in *Prado* in ¶ 74, or otherwise? | Common issue of fact or law between *Prado*-related *In re WFMML* class representatives who did not lose their homes (Vegara, the Petersons, the Liggetts, Clingerman and Keaveny) and *In re WFMML* class representatives who did lose their homes? |
| ¶ 226 a. What calculation and related errors occurred in Defendant's mortgage loan modification underwriting tool and/or related software since 2008? | Prado did not plead a "mortgage underwriting tool."  Yes, as to software used in calculating the mortgage modification terms and other related software that led to overcharges on modifications Wells Fargo actually granted. | |
| ¶ 226 b. What were Defendant's common policies and practices regarding its oversight, inspection, auditing, testing, review, repair, and control of automated loan modification tools and related software since 2008? | No. | |
| ¶ 226 c. What were Defendant's common policies and practices regarding the inspection, verification, and reporting of negative information to credit reporting agencies since 2008? | No. | |
| ¶ 226 d. What were Defendant's common policies and practices  regarding rescinding or correcting negative information that was erroneously reported to credit reporting agencies since 2008? | No. | |

| Commonality Allegations | | |
|---|---|---|
| **Common Issues of fact and law alleged in ¶ 226 *In re Wells Fargo Mortgage Modification Litigation* ("*In re WFMML*"), ECF 41.** | **Common Issue of fact and/or law in *Prado* in ¶ 74, or otherwise?** | **Common issue of fact or law between *Prado*-related *In re WFMML* class representatives who did not lose their homes (Vegara, the Petersons, the Liggetts, Clingerman and Keaveny) and *In re WFMML* class representatives who did lose their homes?** |
| ¶ 226 e. How and when did Defendant discover errors in its automated loan modification tools and related software? | No. | |
| ¶ 226 f. What actions and/or disclosures did Defendant take and/or make each time it discovered errors in its automated loan modification tools and related software? | Yes. *See Prado* Dkt. No. 1, ¶ 74.c. | |
| ¶ 226 g. When was Defendant on notice of the risk of errors in its automated loan modification tools due to inadequate oversight, auditing, and testing compliance mechanisms? | No. | |
| ¶ 226 h. Did Defendant ever undertake any effort to correct its erroneous reporting to credit reporting agencies? | No. | |
| ¶ 226 j. Did Defendant breach those contractual obligations? | No. | |
| ¶ 226 k. Was Defendant's conduct extreme and outrageous? | No. | |

| Commonality Allegations | | |
|---|---|---|
| **Common Issues of fact and law alleged in ¶ 226 *In re Wells Fargo Mortgage Modification Litigation* ("*In re WFMML*"), ECF 41.** | **Common Issue of fact and/or law in *Prado* in ¶ 74, or otherwise?** | **Common issue of fact or law between *Prado*-related *In re WFMML* class representatives who did not lose their homes (Vegara, the Petersons, the Liggetts, Clingerman and Keaveny) and *In re WFMML* class representatives who did lose their homes?** |
| ¶ 226 l. Did Defendant intentionally, with substantial certainty, or with reckless indifference cause serious emotional harm to members of the Class? | No. | |
| ¶ 226 m. Did Defendant conceal or misrepresent to members of the Class its automated calculation errors and/or their entitlement to loan modifications? | No. | |
| ¶ 226 n. Was any such concealment or misrepresentation material to Class members' loan modification? | No. | |
| ¶ 226 o. Did Defendant conceal or misrepresent material facts with knowledge of the fact's materiality and falsity and/or with such utter disregard and recklessness as to infer knowledge of its falsity? | No. | |

| Commonality Allegations | | |
|---|---|---|
| **Common Issues of fact and law alleged in ¶ 226 *In re Wells Fargo Mortgage Modification Litigation* ("*In re WFMML*"), ECF 41.** | **Common Issue of fact and/or law in *Prado* in ¶ 74, or otherwise?** | **Common issue of fact or law between *Prado*-related *In re WFMML* class representatives who did not lose their homes (Vegara, the Petersons, the Liggetts, Clingerman and Keaveny) and *In re WFMML* class representatives who did lose their homes?** |
| ¶ 226 p. Was the Class members' property in active foreclosure at the time of the calculation error? | No. | This is not even a common question of fact with respect to class members who did not lose their homes, *i.e.*, the Prado-related Plaintiffs (Vegara, the Petersons, the Liggetts, Clingerman and Keaveny) with those of class members who did lose their homes |
| ¶ 226 q. Was the mortgage held by Wells Fargo paid in full by the Class member following an application for modification being denied due to the calculation error? | No. | This is not even a common question of fact with respect to class members who did not lose their homes, *i.e.*, the Prado-related Plaintiffs (Vegara, the Petersons, the Liggetts, Clingerman and Keaveny) with those of class members who did lose their homes |

| Commonality Allegations | | |
|---|---|---|
| **Common Issues of fact and law alleged in ¶ 226 *In re Wells Fargo Mortgage Modification Litigation* ("*In re WFMML*"), ECF 41.** | **Common Issue of fact and/or law in *Prado* in ¶ 74, or otherwise?** | **Common issue of fact or law between *Prado*-related *In re WFMML* class representatives who did not lose their homes (Vegara, the Petersons, the Liggetts, Clingerman and Keaveny) and *In re WFMML* class representatives who did lose their homes?** |
| **¶ 226 r.** Was the mortgage held by Wells Fargo service transferred and then had foreclosure initiated against the Class member within twelve months of the service transfer following an application for modification being denied due to the calculation error? | No. | This is not even a common question of fact with respect to class members who did not lose their homes, *i.e.*, the Prado-related Plaintiffs (Vegara, the Petersons, the Liggetts, Clingerman and Keaveny) with those of class members who did lose their homes |
| **¶ 226 s.** Was the mortgage held by Wells Fargo satisfied via short sale proceeds from the Class member following an application for modification being denied due to the calculation error? | No. | This is not even a common question of fact with respect to class members who did not lose their homes, *i.e.*, the Prado-related Plaintiffs (Vegara, the Petersons, the Liggetts, Clingerman and Keaveny) with those of class members who did lose their homes |

Page 5

| Commonality Allegations | | |
|---|---|---|
| **Common Issues of fact and law alleged in ¶ 226 *In re Wells Fargo Mortgage Modification Litigation* ("*In re WFMML*"), ECF 41.** | **Common Issue of fact and/or law in *Prado* in ¶ 74, or otherwise?** | **Common issue of fact or law between *Prado*-related *In re WFMML* class representatives who did not lose their homes (Vegara, the Petersons, the Liggetts, Clingerman and Keaveny) and *In re WFMML* class representatives who did lose their homes?** |
| **¶ 226 t. Was the Class members' mortgage subsequently modified by Wells Fargo following an application for modification being denied due to the calculation error?** | No. | This is not even a common question of fact with respect to class members who did not lose their homes, *i.e.*, the Prado-related Plaintiffs (Vegara, the Petersons, the Liggetts, Clingerman and Keaveny) with those of class members who did lose their homes |
| ¶ 226 u. Whether Plaintiffs, Class and Subclass members were injured and suffered damages or other losses because of Defendant's actions as described herein; | Yes. *See Prado*, Dkt. No. 1 ¶ 74.g. | |
| ¶ 226 v. Whether Plaintiff, Class, and Subclass members are entitled to damages, and the measure and amount of those damages | Yes. See Prado, Dkt. No. 1 ¶ 74.g. | |

| Typicality Allegations | | |
|---|---|---|
| **Typicality alleged in ¶ 227 of *In re Wells Fargo Mortgage Modification Litigation* ("*In re WFMML*"), ECF 41.** | **Are claims of *Prado*-related *In re WFMML* class representatives (Vegara, the Petersons, the Liggetts, Clingerman and Keaveny) and Ms. Prado who did not get forclosed typical of the claims of *In re WFMML* class representatives who did get forclosed?** | |
| Each of the Plaintiffs' claims are typical of those of other Class and Subclass members. | No. | |
| Plaintiffs were each borrowers who owned residential real property with a residential mortgage loan that was owned and/or serviced by Wells Fargo since 2008. | Yes, but irrelevant in consolidation analysis. | |
| Each of the Plaintiffs' loans entered loss mitigation review between from 2008 to the present. | Yes, but irrelevant in consolidation analysis. | |
| Each of the Plaintiffs' loans qualified for a mortgage loan modification trial period repayment plan between 2008 and the present. | Yes, but irrelevant in consolidation analysis. | |

| | Typicality Allegations | |
|---|---|---|
| **Typicality alleged in ¶ 227 of *In re Wells Fargo Mortgage Modification Litigation* ("*In re WFMML*"), ECF 41.** | **Are claims of *Prado*-related *In re WFMML* class representatives (Vegara, the Petersons, the Liggetts, Clingerman and Keaveny) and Ms. Prado who did not get forclosed typical of the claims of *In re WFMML* class representatives who did get forclosed?** | |
| Each of the Plaintiffs completed the trial period repayment plan between 2008 and 2018. | This is not alleged by *any* of the plaintiffs in *In re WFMML* except Clengerman. *None* of the named plaintiffs *In re WFMML* except Clingerman alleged they completed a trial period repayment plan. *Compare* ECF 41, ¶¶ 107- 197 and ¶¶ 205-213 (factual allegations of all named plaintiffs except Clingerman) with ¶ 200 (alleging Clingerman completed trial plan payments). | This fact is irrelevant to the claims class members who received mortgage modifications, *i.e.*, Ms. Prado and *Prado*-related plaintiffs in *In re WFMML* (Vegara, the Petersons, the Liggetts, Clingerman and Keaveny). |
| Defendant improperly denied each of the Plaintiffs' loss mitigation review for a permanent loan modification between 2008 and 2018 due to automated calculation and related errors pertaining to Defendant's use of a mortgage loan modification and underwriting tool. | This is not true, and thus not typical, for the *In re WFMML* class members who did not lose their homes, *i.e.*, the *Prado*-related *In re WFMML* plaintiffs (Vegara, the Petersons, the Liggetts, Clingerman and Keaveny) with those of *In re WFMML* class members who did lose their homes. | |

| Typicality Allegations | | |
|---|---|---|
| **Typicality alleged in ¶ 227 of *In re Wells Fargo Mortgage Modification Litigation* ("*In re WFMML*"), ECF 41.** | **Are claims of *Prado*-related *In re WFMML* class representatives (Vegara, the Petersons, the Liggetts, Clingerman and Keaveny) and Ms. Prado who did not get forclosed typical of the claims of *In re WFMML* class representatives who did get forclosed?** | |
| Each of the Plaintiffs received the December 2023 through 2024 Apology Letters from Defendant. | This is not true, and thus not a typical claim, for the *In re WFMML* class members who did not lose their homes, *i.e.*, the *Prado*-related *In re WFMML* Plaintiffs (Vegara, the Petersons, the Liggetts, Clingerman and Keaveny) of those of *In re WFMML* class members who did lose their homes. | "Apology Letter" is defined in *In re WFMML* in the CCAC as the December 2023 letter with the $200 checks. *See* ECF 41, ¶ 103. The *Prado*-related plaintiffs in *In re WFMML* and Prado got completely different letters beginning in June 2024. |
| | | |
| As such each of the Plaintiffs' claims arise from the same factual circumstances as the claims of other Class members, their damages and injuries are akin to those of other Class members, and Plaintiffs are each seeking relief consistent with the relief sought by the Class. | No | |