IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE WELLS FARGO MORTGAGE MODIFICATION LITIGATION | Case No. 24-cv-01358-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO CONSOLIDATE; DENYING PRADO'S MOTION TO INTERVENE; VACATING HEARING** |

Before the Court are the following two motions: (1) defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Consolidate Other Action, filed October 15, 2024, whereby Wells Fargo seeks to consolidate the above-titled action with Prado v. Wells Fargo & Co., 24-cv-05105 ("the Prado Action"); and (2) Proposed Intervenor Barbara Prado's ("Prado") Motion to Intervene, filed October 16, 2024, whereby Prado seeks an order severing the claims of some of the plaintiffs in the instant action and consolidating those severed claims with the Prado Action. The motions have been fully briefed. Having read and considered the papers filed in support of and in opposition to the motions, the Court deems the matters appropriate for decision thereon, VACATES the hearing scheduled for December 13, 2024, and rules as follows.

The operative complaint in the above-titled action, specifically, the Consolidated Class Action Complaint ("CCAC"), filed July 8, 2024, consists of claims made on behalf of thirteen individuals who seek to proceed on their own behalf and on behalf of a putative class. Plaintiffs allege in the CCAC that each said plaintiff either had or currently has a mortgage serviced by Wells Fargo, and each asserts claims based on harm he/she states occurred as a result of "multiple systematic errors in [Wells Fargo's] automated decision-making software," which software Wells Fargo allegedly used to determine

plaintiffs' respective "eligibility for a government-mandated mortgage modification (and other modifications for which a borrower might be eligible)." (See CCAC ¶¶ 3-5.) Plaintiffs allege that, of the thirteen named plaintiffs, six lost their homes as a result of Wells Fargo's alleged erroneous software – two due to foreclosure (see CCAC ¶¶ 132-33, 153-54), two by selling their respective homes to avoid foreclosure (see CCAC ¶¶ 113, 166), one by transferring his home to Wells Fargo to avoid foreclosure (see CCAC ¶ 142), and one whose home was "lost" in a manner not further described by plaintiffs (see CCAC ¶ 124). Plaintiffs allege the remaining seven named plaintiffs did receive loan modifications, but that, as a result of the alleged erroneous software, they were required to "pay a higher mortgage payment" than they otherwise would have had to pay (see CACC ¶¶ 179, 187, 197, 204, 312).

In her Class Action Complaint ("Prado CAC"), filed August 13, 2024, Prado alleges claims on her own behalf and on behalf of a putative class, all said claims based on an allegation that Wells Fargo, the loan servicer, modified their mortgage loans, but that, as a result of Wells Fargo's having "committed errors in connection with the modification," all were "overcharged" on their "mortgage loan accounts." (See Prado CAC ¶¶ 3, 39, 87.)

A court may consolidate two actions where those actions "involve a common question of law or fact." See Fed. R. Civ. P. 42(a).

Here, Wells Fargo argues the Prado Action should be consolidated with the above-titled action, for the asserted reason that common questions of law and fact exist, namely, "whether [p]laintiffs can prove that Wells Fargo erred regarding mortgage loan modifications for its customers," whether "any alleged errors were unlawful," and whether borrowers were "thereby injured" (see Def.'s Mot. at 1:4-6), and because "the CCAC entirely subsumes the Prado class" (see id. at 6:23-24). Plaintiffs in the above-titled action "support [Wells Fargo's] request." (See Pls.' Response at 1:3-4.)[1]

---

[1] Additionally, plaintiffs agree with Wells Fargo's proposal that, in the event the two actions are consolidated, plaintiffs should be afforded leave to file an amended consolidated complaint.

By contrast, Prado, in her motion, argues that the Court should sever from the instant action and consolidate with her claims the claims of the seven plaintiffs who, like Prado, received loan modifications, which claims would then proceed in the Prado Action; in other words, only individuals who lost their homes would remain as plaintiffs in the instant action. In the alternative, Prado, in her opposition to Wells Fargo's motion, argues that, if the Prado Action and the instant action are consolidated, the Court should require that the resulting consolidated action consist of two separate putative classes, i.e., one class consisting of persons who did not receive a loan modification and a separate class of persons who did.

The Court finds, for the reasons stated by Wells Fargo, that the above-titled action and the Prado Action share common issues of law and fact. The Court also finds consolidation of the two actions is, in some manner, appropriate, and next considers the above-referenced competing proposals.

In that regard, the Court first notes that Prado's proposed manner of consolidation is based on her assertion that a conflict exists between plaintiffs who did not receive a loan modification and those who did, and that such asserted conflict would defeat or is likely to defeat certification of a class consisting of both. The Court, however, is not persuaded that any such conflict exists, as there is no showing that the two groups of plaintiffs have either taken or appear likely to take antagonistic positions, let alone antagonistic positions with regard to a "fundamental" issue. See In re Online DVD-Rental Antitrust Litig., 779 F.3d 934, 942 (9th Cir. 2015) (holding "[o]nly conflicts that are fundamental to the suit and that go to the heart of the litigation prevent a plaintiff from meeting the Rule 23(a)(4) adequacy requirement").

To the extent Prado relies on the principle that a class representative, to be adequate, must "suffer the same injury as the class members," see General Telephone Co. v. Falcon, 457 U.S. 147, 156 (1982) (internal quotation and citation omitted), and characterizes the alleged injuries incurred by a putative class member who lost a home as different in kind from an injury incurred by a putative class member who has been

overcharged, the Court likewise is unpersuaded. The instant action, as discussed above, includes named plaintiffs who allegedly suffered the loss of a home and others who allegedly were overcharged. Consequently, even if the two groups of putative class members may, at some point in the litigation, "have differing interests," plaintiffs in the instant case may be able to demonstrate they are adequate class representatives. See, e.g., Blackie v. Barrack, 524 F.2d 891, 908-11 (9th Cir. 1975) (finding named representatives were adequate in action where defendants allegedly conspired to "artificially inflate[ ]" price of company's stock by making false statements over two-year period; rejecting argument representatives were inadequate because "some class members [would] desire to maximize the inflation existing on a given date while others [would] desire to minimize it"; noting existence of "numerous named representatives . . . who purchased throughout the class period, and who thus [would] probably represent whatever conflicting interests there [might be]").

    Accordingly, Wells Fargo's motion to consolidate is hereby GRANTED, and Prado's motion to intervene is hereby DENIED.

    Lastly, Prado, in her motion, requests her counsel of record be appointed a third interim class counsel in the above-titled action, along with the two attorneys the Court previously appointed as interim class counsel (see Doc. No. 27), and Wells Fargo, in its reply, requests the Court amend its order appointing two interim class counsel to allow only one attorney or firm to so serve. Both such requests are hereby DENIED, neither Prado nor Wells Fargo having shown good cause exists to either expand or reduce the number of interim class counsel.

    **IT IS SO ORDERED.**

Dated: December 6, 2024

MAXINE M. CHESNEY
United States District Judge