IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE WELLS FARGO MORTGAGE MODIFICATION LITIGATION | Case No. 24-cv-01358-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY; VACATING HEARING** |

Before the Court is defendant Wells Fargo Bank, N.A.'s Motion, filed September 5, 2025, "to Stay Discovery or, Alternatively, Stay Class Discovery Pending Resolution of Its Motion to Dismiss" ("Motion to Stay"). Plaintiffs have filed opposition, to which defendant has replied. Having read and considered the papers filed in support of and in opposition to the Motion to Stay, the Court deems the matter appropriate for determination on the parties' respective written submission, VACATES the hearing scheduled for October 31, 2025, and rules as follows.

A "district court has wide discretion in controlling discovery." See Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). "Courts in this district have applied a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion." See Ledwidge v. Federal Deposit Ins. Corp., 2025 WL 885845, at *2 (N.D. Cal. Mar. 21, 2025) (citing cases). First, the "pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed," and second, "the court must determine whether the pending dispositive motion can be decided absent additional discovery." See id. (internal quotation and citation omitted).

1    Here, the Motion to Dismiss is potentially dispositive, as said Motion consists of
2 arguments directed at every claim in the operative complaint, and, even assuming, as
3 plaintiffs argue, they are likely to be afforded leave to amend any deficiently pleaded
4 claim, such possibility does not change the character of the Motion to Dismiss, which
5 remains potentially dispositive.  See Ashcroft v. Iqbal, 556 U.S. 662, 686-87 (2009)
6 (holding, where "complaint is deficient under Rule 8, [plaintiff] is not entitled to discovery";
7 remanding to determine whether plaintiff should be afforded "leave to amend his deficient
8 complaint").  Moreover, no discovery is necessary to resolve the Motion to Dismiss, which
9 Motion has been fully briefed.

   Accordingly, the Motion to Stay is hereby GRANTED, and discovery is hereby
STAYED pending resolution of the Motion to Dismiss.

**IT IS SO ORDERED.**

Dated: October 20, 2025

_____
MAXINE M. CHESNEY
United States District Judge