Amanda Groves (SBN: 187216)
agroves@winston.com
Shawn Obi (SBN: 288088)
sobi@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Angela Smedley (admitted *pro hac vice*)
asmedley@winston.com
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

Attorneys for Defendant,
WELLS FARGO BANK, N.A

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Wells Fargo Mortgage Modification Litigation* | Case No. 3:24-cv-01358-MMC<br><br>Hon. Maxine M. Chesney<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S ANSWER TO PLAINTIFFS' THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** |

Defendant Wells Fargo Bank, N.A. ("Wells Fargo Bank") hereby answers the Third Amended Consolidated Class Action Complaint filed by Plaintiffs Myron Curry, Darrell Forney, Chester Nelson, Samuel Beloff, John Risconsin, Adrenia Kea, Ruth Vergara, Laurence Peterson, Marcia Peterson, Bradley Liggett, Kyra Liggett, Deanna Clingerman, Brian Keaveny, and Renee Boucher Ferguson (collectively, "Plaintiffs").

## WELLS FARGO BANK, N.A.'S ANSWER TO SPECIFIC ALLEGATIONS

## NATURE OF THE ACTION

1.      Answering paragraph 1, Wells Fargo Bank admits that the federal government adopted statutory and regulatory measures after the 2008 mortgage crisis, including the Troubled Asset Relief Program ("TARP"), the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank"), and rules promulgated by the Consumer Financial Protection Bureau ("CFPB").  The remaining allegations are legal conclusions to which no response is required.  To the extent a response is required, Wells Fargo Bank denies the remaining allegations in paragraph 1.

2.      The allegations in paragraph 2 are legal conclusions to which no response is required.  To the extent a response is required, Wells Fargo Bank denies the allegations in paragraph 2.

3.      Answering paragraph 3, Wells Fargo Bank admits that the loss mitigation evaluation process consists of multiple steps.  Wells Fargo Bank denies the remaining allegations in paragraph 3.

4.      Wells Fargo Bank denies the allegations in paragraph 4.

5.      Wells Fargo Bank denies the allegations in paragraph 5.

6.      Wells Fargo Bank denies the allegations in paragraph 6.

7.      Wells Fargo Bank denies the allegations in paragraph 7.

8.      Wells Fargo Bank denies the allegations in paragraph 8.

9.      Answering paragraph 9, Wells Fargo Bank admits that miscalculations may have occurred during the loss mitigation review process.  Wells Fargo Bank denies the remaining allegations in paragraph 9.

10.     Answering paragraph 10, Wells Fargo Bank admits that some borrowers accepted the trial payment plans and/or permanent loan modifications that were offered to them.  Wells Fargo Bank denies the remaining allegations in paragraph 10.

11.     Answering paragraph 11, Wells Fargo Bank lacks knowledge and information sufficient to form a basis as to the truth or falsity of the allegation that "other customers were unable to afford the inflated loss mitigation options presented by Wells Fargo and chose to forgo loss mitigation altogether"

and on that basis, denies that allegation. Wells Fargo Bank denies the remaining allegations in paragraph 11.

12. Answering paragraph 12, Wells Fargo Bank lacks knowledge and information sufficient to form a basis as to the truth or falsity of the allegation that "as a hybrid of the foregoing, some customers … were at risk of losing their homes and felt as though they had no other option" and on that basis, denies that allegation. Wells Fargo Bank denies the remaining allegations in paragraph 12.

13. Wells Fargo Bank denies the allegations in paragraph 13.

14. Wells Fargo Bank denies the allegations in paragraph 14.

15. Wells Fargo Bank denies the allegations in paragraph 15.

16. Wells Fargo Bank denies the allegations in paragraph 16.

17. Wells Fargo Bank denies the allegations in paragraph 17.

18. Answering paragraph 18, Wells Fargo Bank admits that complaints were filed in *Alicia Hernandez, et al. v. Wells Fargo Company, et al.*, N.D. Cal. Case No. 3:18-cv-07354-WHA (the "Hernandez case"), and *Ethan Ryder, et al. v. Wells Fargo Bank, N.A.*, S.D. Ohio Case No. 1:19-cv-00638-TSB (the "Ryder case"), the contents of which speak for themselves. Wells Fargo also admits that the Hernandez case and the Ryder case were settled via court-approved settlement agreements, the terms of which speak for themselves. Wells Fargo Bank also admits that it entered into a consent order with the CFPB in December 2022, the terms of which speak for themselves. Wells Fargo Bank denies the remaining allegations in paragraph 18.

19. Answering paragraph 19, Wells Fargo Bank refers to the complaints and settlement agreements in the Hernandez case and the Ryder case, the terms of which speak for themselves. Wells Fargo Bank admits that Plaintiffs purport to assert claims on behalf of borrowers who were approved loan modifications or trial payment plans, but denies that they are entitled to any relief. Wells Fargo Bank denies the remaining allegations in paragraph 19.

20. Wells Fargo Bank denies the allegations in paragraph 20.

21. Answering paragraph 21, Wells Fargo Bank admits that none of the named Plaintiffs in this lawsuit has been identified as a class member in the *Hernandez* case or the *Ryder* case. Wells Fargo Bank denies the remaining allegations in paragraph 21.

22. Answering paragraph 22, Wells Fargo Bank admits that Plaintiffs seek damages, injunctive relief, and restitution. Wells Fargo Bank denies that Plaintiffs are entitled to any of the relief they seek.

## PARTIES

23. Answering paragraph 23, Wells Fargo Bank admits that Plaintiff Myron Curry is a resident and citizen of Los Angeles County, California, upon information and belief. Wells Fargo Bank also admits that Plaintiff Myron Curry owned the real property located at 4108 Hayvenhurst Drive, Encino, California 91436-3750. Wells Fargo Bank denies the remaining allegations in paragraph 23.

24. Answering paragraph 24, Wells Fargo Bank admits that Plaintiff Darrell Forney is a resident and citizen of Prince George's County, Maryland, upon information and belief. Wells Fargo Bank also admits that Plaintiff Darrell Forney owned the real property located at 5002 Jay Street NE, Washington, DC 20019. Wells Fargo Bank denies the remaining allegations in paragraph 24.

25. Answering paragraph 25, Wells Fargo Bank admits that Plaintiff Chester Nelson is a resident and citizen of Cook County, Illinois, upon information and belief. Wells Fargo Bank also admits that Plaintiff Chester Nelson owned the real property located at 3244 W. 139th Street, Robbins, Illinois 60472. Wells Fargo Bank denies the remaining allegations in paragraph 25.

26. Answering paragraph 26, Wells Fargo Bank admits that Plaintiff Samuel Beloff is a resident and citizen of Clark County, Ohio, upon information and belief. Wells Fargo Bank also admits that Plaintiff Samuel Beloff owned the real property located at 624 Riverwood Drive, Dayton, Ohio 43430. Wells Fargo Bank denies the remaining allegations in paragraph 26.

27. Answering paragraph 27, Wells Fargo Bank admits that Plaintiff John Risconsin is a resident and citizen of South Carolina, upon information and belief. Wells Fargo Bank also admits that

- 4 -

Plaintiff John Risconsin owned the real property located at 149 Cox Avenue, Morrisville, Pennsylvania 19067.  Wells Fargo Bank denies the remaining allegations in paragraph 27.

28.    Answering paragraph 28, Wells Fargo Bank admits that Plaintiff Adrenia Kea is a resident and citizen of Bladen County, North Carolina, upon information and belief.  Wells Fargo Bank also admits that Plaintiff Adrenia Kea owned the real property located at 2852 Longspur Drive, Matthew, North Carolina 28105-0116.  Wells Fargo Bank denies the remaining allegations in paragraph 28.

29.    Answering paragraph 29, Wells Fargo Bank admits that Plaintiff Ruth Vergara is a resident and citizen of Woodbridge, Virginia, upon information and belief.  Wells Fargo Bank also admits that Plaintiff Ruth Vergara owned the real property located at 14792 Candlewood Court, Woodbridge, Virginia 22191.  Wells Fargo Bank denies the remaining allegations in paragraph 29.

30.    Answering paragraph 30, Wells Fargo Bank admits that Plaintiffs Laurence Peterson and Marcia Peterson are residents and citizens of South Elgin, Illinois, upon information and belief.  Wells Fargo Bank also admits that Plaintiffs Laurence Peterson and Marcia Peterson owned the real property located at 421 Dean Drive, South Elgin, Illinois 60177.  Wells Fargo Bank denies the remaining allegations in paragraph 30.

31.    Answering paragraph 31, Wells Fargo Bank admits that Plaintiffs Bradley Liggett and Kyra Liggett are residents and citizens of San Luis Obispo, California, upon information and belief.  Wells Fargo Bank also admits that Plaintiffs Bradley Liggett and Kyra Liggett owned the real property located at 1138 Madonna Drive, San Luis Obispo, CA 93405.  Wells Fargo Bank denies the remaining allegations in paragraph 31.

32.    Answering paragraph 32, Wells Fargo Bank admits that Plaintiff Deanna Clingerman is a resident and citizen of Tallmadge, Ohio, upon information and belief.  Wells Fargo Bank also admits that Plaintiff Deanna Clingerman owned the real property located at 543 Vinewood Avenue, Tallmadge, Ohio 44278.  Wells Fargo Bank denies the remaining allegations in paragraph 32.

DEFENDANT WELLS FARGO BANK, N.A.'S ANSWER TO PLAINTIFF'S
THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
CASE NO. 3:24-CV-01358-MMC

33. Answering paragraph 33, Wells Fargo Bank admits that Plaintiff Brian Keaveny is a resident and citizen of Gig Harbor, Washington, upon information and belief. Wells Fargo Bank also admits that Plaintiff Brian Keaveny owned the real property located at 159 Denny Way #606, Seattle, Washington 98109. Wells Fargo Bank denies the remaining allegations in paragraph 33.

34. Answering paragraph 34, Wells Fargo Bank admits that Plaintiff Renee Boucher Ferguson is a resident and citizen of Saratoga County, New York, upon information and belief. Wells Fargo Bank also admits that Plaintiff Renee Boucher Ferguson owned the real property located at 191 Kaydeross Avenue, Saratoga Springs, New York 12866. Wells Fargo Bank denies the remaining allegations in paragraph 34.

35. Answering paragraph 35, Wells Fargo Bank admits that it is a national banking association with its main office in Sioux Falls, South Dakota, that it is subject to the supervision of the Comptroller of the Currency, and that it is deemed a citizen of South Dakota pursuant to 28 U.S.C. § 1348. Wells Fargo Bank also admits that it is a wholly-owned subsidiary of Wells Fargo & Company, which is incorporated in Delaware. Wells Fargo Bank denies the remaining allegations in paragraph 35.

## JURISDICTION AND VENUE

36. The allegations in paragraph 36 are legal conclusions to which no response is required. To the extent a response is required, Wells Fargo Bank does not dispute the subject matter jurisdiction of this Court under 28 U.S.C. § 1332.

37. The allegations in paragraph 37 are legal conclusions to which no response is required. To the extent a response is required, Wells Fargo Bank denies the allegations of paragraph 37.

38. The allegations in paragraph 38 are legal conclusions to which no response is required. To the extent a response is required, Wells Fargo Bank denies the allegations of paragraph 38.

## INTRADISTRICT ASSIGNMENT

39. The allegations in paragraph 39 are legal conclusions to which no response is required. To the extent a response is required, Wells Fargo Bank denies the allegations of paragraph 39.

DEFENDANT WELLS FARGO BANK, N.A.'S ANSWER TO PLAINTIFF'S
THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
CASE NO. 3:24-CV-01358-MMC

## COMMON FACTUAL ALLEGATIONS

40.     Answering paragraph 40, Wells Fargo Bank admits that Plaintiffs seek to recover statutory damages, punitive damages, actual damages, and restitution.  Wells Fargo Bank denies that Plaintiffs are entitled to any of the relief they seek and denies that it engaged in "wrongful conduct in connection with Plaintiffs' and the Class Members' residential mortgage loans."

41.     Answering paragraph 41, Wells Fargo Bank admits that it serviced the home mortgage loans at issue in this action.  Wells Fargo Bank denies the remaining allegations in paragraph 41.

42.     Answering paragraph 42, Wells Fargo Bank admits that it was compensated for servicing mortgage loans pursuant to contracts, the terms of which speak for themselves.  Wells Fargo Bank denies the allegations in paragraph 42 to the extent they vary from or contradict the terms of those contracts.

43.     Answering paragraph 43, Wells Fargo Bank admits that it is a wholly-owned subsidiary of Wells Fargo & Company.  Wells Fargo Bank also admits that Wells Fargo & Company is a registered bank holding company.  Wells Fargo Bank denies the remaining allegations in paragraph 43.

44.      To the extent paragraph 44 purports to describe Wells Fargo & Company's November 6, 2018 Quarterly Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 (Form 10-Q), Wells Fargo Bank refers to that document, which speaks for itself, for a complete statement of its terms.  Wells Fargo Bank denies the allegations of paragraph 44 to the extent they are inconsistent therewith.

45.     Wells Fargo Bank denies the allegations in paragraph 45.

46.     The allegations in paragraph 46 are legal conclusions to which no response is required. To the extent a response is required, Wells Fargo Bank denies the allegations in paragraph 46.

47.     The allegations in paragraph 47 are legal conclusions to which no response is required. To the extent a response is required, Wells Fargo Bank denies the allegations in paragraph 47.

48.     The allegations in paragraph 48 are legal conclusions to which no response is required. To the extent a response is required, Wells Fargo Bank denies the allegations in paragraph 48.

- 7 -

49.    The allegations in paragraph 49 are legal conclusions to which no response is required. To the extent a response is required, Wells Fargo Bank denies the allegations in paragraph 49.

50.    Answering paragraph 50, Wells Fargo Bank admits that it is an approved FHA lender and that it participates in the Direct Endorsement Lender program. The remaining allegations in paragraph 50 are legal conclusions to which no response is required. To the extent a response is required, Wells Fargo Bank denies the remaining allegations in paragraph 50.

51.    The allegations in paragraph 51 are legal conclusions to which no response is required. To the extent a response is required, Wells Fargo Bank denies the allegations in paragraph 51.

52.    Answering paragraph 52, Wells Fargo Bank admits that TARP was signed into law in October 2008. The remaining allegations in paragraph 52 are legal conclusions to which no response is required. To the extent a response is required, Wells Fargo Bank denies the allegations in paragraph 52.

53.    Wells Fargo Bank denies the allegations in paragraph 53.

54.    The allegations in paragraph 54 are legal conclusions to which no response is required. To the extent a response is required, Wells Fargo Bank denies the allegations in paragraph 54.

55.    To the extent paragraph 55 purports to quote from *Corvello v. Wells Fargo Bank, NA*, 728 F.3d 878, 880 (9th Cir. 2013), Wells Fargo Bank refers to that document, which speaks for itself, for a complete statement of its terms. Wells Fargo Bank denies the allegations of paragraph 55 to the extent they are inconsistent therewith.

56.    To the extent paragraph 56 purports to describe specific findings by the OCC, Wells Fargo Bank refers to those findings for a complete statement of their terms. Wells Fargo Bank denies the allegations of paragraph 56 to the extent they are inconsistent therewith.

57.    The allegations in paragraph 57 are legal conclusions to which no response is required. To the extent a response is required, Wells Fargo Bank denies the allegations in paragraph 57.

58.    The allegations in paragraph 58 are legal conclusions to which no response is required. To the extent a response is required, Wells Fargo Bank denies the allegations in paragraph 58.

59.    The allegations in paragraph 59 are legal conclusions to which no response is required. To the extent a response is required, Wells Fargo Bank denies the allegations in paragraph 59.[1]

60.    The allegations in paragraph 60 are legal conclusions to which no response is required. To the extent a response is required, Wells Fargo Bank denies the allegations in paragraph 60.

61.    Wells Fargo Bank denies the allegations in paragraph 61.

62.    Wells Fargo Bank denies the allegations in paragraph 62.

63.    Answering paragraph 63, the allegation that "Defendant was also obligated under its servicing agreements with investors to review borrowers under certain circumstances for loss mitigation options including loan modifications" is a legal conclusion to which no response is required. To the extent a response is required, Wells Fargo Bank denies that allegation in paragraph 63. Wells Fargo Bank also denies the remaining allegations in paragraph 63,

64.    To the extent paragraph 64 purports to describe specific findings by the OCC, Wells Fargo Bank refers to those findings for a complete statement of their terms. Wells Fargo Bank denies the allegations of paragraph 64 to the extent they are inconsistent therewith.

65.    To the extent paragraph 65 purports to describe specific findings by the OCC, Wells Fargo Bank refers to those findings for a complete statement of their terms. Wells Fargo Bank denies the allegations of paragraph 65 to the extent they are inconsistent therewith.

66.    To the extent paragraph 66 purports to describe Wells Fargo Bank's consent orders with the OCC, Wells Fargo Bank refers to those orders, which speak for themselves, for a complete statement of their terms. Wells Fargo Bank denies the allegations of paragraph 66 to the extent they are inconsistent therewith.

67.    Wells Fargo Bank denies the allegations in paragraph 67.

68.    To the extent paragraph 68 purports to describe specific findings by the OCC, Wells Fargo Bank refers to those findings for a complete statement of their terms. Wells Fargo Bank denies the allegations of paragraph 68 to the extent they are inconsistent therewith.

---

[1] The allegations in footnote 1 are legal conclusions to which no response is required. To the extent a response is required, Wells Fargo Bank denies the allegations in footnote 1.

69.     To the extent paragraph 69 purports to describe specific findings by the OCC, Wells Fargo Bank refers to those findings for a complete statement of their terms.  Wells Fargo Bank denies the allegations of paragraph 69 to the extent they are inconsistent therewith.

70.     To the extent paragraph 70 purports to describe specific findings by the OCC, Wells Fargo Bank refers to those findings for a complete statement of their terms.  Wells Fargo Bank denies the allegations of paragraph 70 to the extent they are inconsistent therewith.

71.     To the extent paragraph 71 purports to describe Wells Fargo Bank's consent orders with the OCC, Wells Fargo Bank refers to those orders, which speak for themselves, for a complete statement of their terms.  Wells Fargo Bank denies the allegations of paragraph 71 to the extent they are inconsistent therewith.

72.     To the extent paragraph 72 purports to describe specific findings by the Federal Reserve, Wells Fargo Bank refers to those findings for a complete statement of their terms.  Wells Fargo Bank denies the allegations of paragraph 72 to the extent they are inconsistent therewith.

73.     Wells Fargo Bank denies the allegations in paragraph 73.

74.     Wells Fargo Bank denies the allegations in paragraph 74.

75.     Wells Fargo Bank denies the allegations in paragraph 75.

76.     Answering paragraph 76, Wells Fargo Bank admits that it used mortgage modification underwriting software.  Wells Fargo Bank denies the remaining allegations in paragraph 76.

77.     Wells Fargo Bank denies the allegations in paragraph 77.

78.     Wells Fargo Bank denies the allegations in paragraph 78.

79.     To the extent paragraph 79 purports to describe specific findings by the OCC, Wells Fargo Bank refers to those findings for a complete statement of their terms.  Wells Fargo Bank denies the allegations of paragraph 79 to the extent they are inconsistent therewith.

80.     Wells Fargo Bank denies the allegations in paragraph 80.

81.     Wells Fargo Bank denies the allegations in paragraph 81.

82. To the extent paragraph 82 purports to quote from Wells Fargo & Company's August 3, 2018 Quarterly Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934, Wells Fargo Bank refers to that document, which speaks for itself, for a complete statement of its terms. Wells Fargo Bank denies the allegations of paragraph 82 to the extent they are inconsistent therewith. Wells Fargo also denies that it "did not disclose this calculation error to government regulators, the public, or affected borrowers until almost three years later."

83. Wells Fargo Bank denies the allegations in paragraph 83.

84. To the extent paragraph 84 purports to quote from Wells Fargo & Company's November 6, 2018 Quarterly Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934, Wells Fargo Bank refers to that document, which speaks for itself, for a complete statement of its terms. Wells Fargo Bank denies the allegations of paragraph 84 to the extent they are inconsistent therewith. Wells Fargo Bank also denies that its October 2015 response was "inadequate" or that it "admitted that the systemic calculation error had continued to detrimentally affect borrowers into April 2018."

85. Wells Fargo Bank denies the allegations in paragraph 85.[2]

86. Wells Fargo Bank denies the allegations in paragraph 86.

87. Wells Fargo Bank denies the allegations in paragraph 87.

88. Wells Fargo Bank denies the allegations in paragraph 88.

89. Wells Fargo Bank denies the allegations in paragraph 89.

90. Wells Fargo Bank denies the allegations in paragraph 90.

91. Wells Fargo Bank denies the allegations in paragraph 91.

92. Wells Fargo Bank denies the allegations in paragraph 92.

93. Answering paragraph 93, Wells Fargo Bank admits to the existence of class action settlements in the *Hernandez* case and the *Ryder* case.

94. To the extent paragraph 94 purports to quote from the Order granting Preliminary Approval of the Class Settlement in the Hernandez case, Wells Fargo Bank refers to that document,

---

[2] Wells Fargo Bank denies the allegations in footnote 2.

DEFENDANT WELLS FARGO BANK, N.A.'S ANSWER TO PLAINTIFF'S
THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
CASE NO. 3:24-CV-01358-MMC

which speaks for itself, for a complete statement of its terms. Wells Fargo Bank denies the allegations of paragraph 94 to the extent they are inconsistent therewith.

95.    Wells Fargo Bank admits the allegations in paragraph 95.

96.    To the extent paragraph 96 refers to the terms of the referenced Final Post-Distribution Accounting Document in the Hernandez case, Wells Fargo Bank refers to that document, which speaks for itself, for a complete statement of its terms. Wells Fargo Bank denies the allegations of paragraph 96 to the extent they are inconsistent therewith.

97.    To the extent paragraph 97 purports to quote from the Order granting Preliminary Approval of the Class Settlement in the Ryder case, Wells Fargo Bank refers to that document, which speaks for itself, for a complete statement of its terms. Wells Fargo Bank denies the allegations of paragraph 97 to the extent they are inconsistent therewith.

98.    Wells Fargo Bank admits the allegations in paragraph 98.

99.    To the extent paragraph 99 refers to the terms of the referenced Unopposed Motion for Final Approval of Class Action Settlement in the Ryder case, Wells Fargo Bank refers to that document, which speaks for itself, for a complete statement of its terms. Wells Fargo Bank denies the allegations of paragraph 99 to the extent they are inconsistent therewith.

100.    The allegations in paragraph 100 are legal conclusions to which no response is required. To the extent a response is required, Wells Fargo Bank denies the allegations in paragraph 100.

101.    Answering paragraph 101, Wells Fargo Bank admits to the existence of the Consent Order issued on December 20, 2022.

102.    To the extent paragraph 102 purports to describe Wells Fargo Bank's consent order with the CFPB, Wells Fargo Bank refers to that order, which speaks for itself, for a complete statement of its terms. Wells Fargo Bank denies the allegations of paragraph 102 to the extent they are inconsistent therewith.

103. To the extent paragraph 103 purports to describe the referenced press release, Wells Fargo Bank refers to that document, which speaks for itself, for a complete statement of its terms. Wells Fargo Bank denies the allegations of paragraph 103 to the extent they are inconsistent therewith.

104. Wells Fargo Bank denies the allegations in paragraph 104.

105. Wells Fargo Bank denies the allegations in paragraph 105.

106. Wells Fargo Bank denies the allegations in paragraph 106.

107. Wells Fargo Bank denies the allegations in paragraph 107.

108. Wells Fargo Bank denies the allegations in paragraph 108.

109. Wells Fargo Bank denies the allegations in paragraph 109.

110. Wells Fargo Bank denies the allegations in paragraph 110.

## PLAINTIFF MYRON CURRY'S FACTUAL ALLEGATIONS

111. Answering paragraph 111, Wells Fargo Bank admits that on March 3, 2004, Plaintiff Curry executed a Deed of Trust that granted a security interest on the Curry Property.

112. Answering paragraph 112, Wells Fargo Bank admits that it discussed loss mitigation options with Plaintiff Curry in the summer of 2009.

113. Wells Fargo Bank denies the allegations in paragraph 113.

114. Wells Fargo Bank denies the allegations in paragraph 114.

115. Wells Fargo Bank lacks knowledge and information sufficient to form a basis as to the truth or falsity of the allegations in paragraph 115, and, on that basis, denies the allegations.

116. Wells Fargo Bank lacks knowledge and information sufficient to form a basis as to the truth or falsity of the allegations in paragraph 116, and, on that basis, denies the allegations.

117. Wells Fargo Bank lacks knowledge and information sufficient to form a basis as to the truth or falsity of the allegations in paragraph 117, and, on that basis, denies the allegations.

118. To the extent paragraph 118 purports to describe the contents of Wells Fargo Bank's December 6, 2023 letter to Plaintiff Curry, Wells Fargo Bank refers to that letter, which speaks for itself,

for a complete statement of its terms. Wells Fargo Bank denies the allegations of paragraph 118 to the extent they are inconsistent therewith. Wells Fargo also denies that the letter was "inaccurate."

119.    Wells Fargo Bank admits that its December 6, 2023 letter to Plaintiff Curry enclosed a check for $200.00. Wells Fargo Bank denies the remaining allegations in paragraph 119.

120.    Wells Fargo Bank lacks knowledge and information sufficient to form a basis as to the truth or falsity of the allegations in paragraph 120, and, on that basis, denies the allegations.

121.    Wells Fargo Bank denies the allegations in paragraph 121.

122.    Wells Fargo Bank denies the allegations in paragraph 122.

### PLAINTIFF DARRELL FORNEY'S FACTUAL ALLEGATIONS

123.    Answering paragraph 123, Wells Fargo Bank admits that on March 30, 2012, Plaintiff Forney executed a Deed of Trust that granted a security interest on the Forney Property.

124.    Answering paragraph 124, Wells Fargo Bank admits that it discussed loss mitigation options with Plaintiff Forney on November 3, 2016.

125.    Wells Fargo Bank denies the allegations in paragraph 125.

126.    Wells Fargo Bank denies the allegations in paragraph 126.

127.    Wells Fargo Bank denies the allegations in paragraph 127.

128.    Wells Fargo Bank lacks knowledge and information sufficient to form a basis as to the truth or falsity of the allegations in paragraph 128, and, on that basis, denies the allegations.

129.    To the extent paragraph 129 purports to describe the contents of Wells Fargo Bank's December 7, 2023 letter to Plaintiff Forney, Wells Fargo Bank refers to that letter, which speaks for itself, for a complete statement of its terms. Wells Fargo Bank denies the allegations of paragraph 129 to the extent they are inconsistent therewith. Wells Fargo also denies that the letter was "inaccurate."

130.    Wells Fargo Bank lacks knowledge and information sufficient to form a basis as to the truth or falsity of the allegations in paragraph 130, and, on that basis, denies the allegations.

131.    Wells Fargo Bank admits that its December 7, 2023 letter to Plaintiff Forney enclosed a check for $200.00. Wells Fargo Bank denies the remaining allegations in paragraph 131.

132.    Wells Fargo Bank denies the allegations in paragraph 132.

## PLAINTIFF CHESTER NELSON'S FACTUAL ALLEGATIONS

133.    Answering paragraph 133, Wells Fargo Bank admits that on March 21, 2012, Plaintiff Nelson executed a Mortgage that granted a security interest on the Nelson Property.

134.    Wells Fargo Bank admits the allegations in paragraph 134.

135.    Answering paragraph 135, Wells Fargo Bank admits that Plaintiff Nelson was approved for a trial payment plan in June 2012 and that he executed a permanent loan modification agreement on October 1, 2012.  Wells Fargo Bank lacks knowledge and information sufficient to form a basis as to the truth or falsity of the remaining allegations in paragraph 135, and, on that basis, denies the allegations.

136.    Wells Fargo Bank denies the allegations in paragraph 136.

137.    Wells Fargo Bank admits the allegations in paragraph 137.

138.    Wells Fargo Bank admits the allegations in paragraph 138.

139.    To the extent paragraph 139 purports to describe the contents of Wells Fargo Bank's December 6, 2023 letter to Plaintiff Nelson, Wells Fargo Bank refers to that letter, which speaks for itself, for a complete statement of its terms.  Wells Fargo Bank denies the allegations of paragraph 139 to the extent they are inconsistent therewith.  Wells Fargo also denies that the letter was "inaccurate."

140.    Wells Fargo Bank lacks knowledge and information sufficient to form a basis as to the truth or falsity of the allegations in paragraph 140, and, on that basis, denies the allegations.

141.    Answering paragraph 141, Wells Fargo Bank admits that its December 6, 2023 letter to Plaintiff Nelson enclosed a check for $200.00.  Wells Fargo Bank denies the remaining allegations in paragraph 141.

142.    Wells Fargo Bank denies the allegations in paragraph 142.

## PLAINTIFF SAMUEL BELOFF'S FACTUAL ALLEGATIONS

143.    Wells Fargo Bank lacks knowledge and information sufficient to form a basis as to the truth or falsity of the allegations in paragraph 143, and, on that basis, denies the allegations.

144.    Answering paragraph 144, Wells Fargo Bank admits that it discussed loss mitigation options with Plaintiff Beloff in 2012.  Wells Fargo Bank lacks knowledge and information sufficient to form a basis as to the truth or falsity of the remaining allegations in paragraph 144, and, on that basis, denies the allegations.

145.    Wells Fargo Bank denies the allegations in paragraph 145.

146.    Wells Fargo Bank admits the allegations in paragraph 146.

147.    Answering paragraph 147, Wells Fargo Bank admits that Plaintiff Beloff executed a deed-in-lieu of foreclosure to Wells Fargo Bank on May 12, 2016.  Wells Fargo Bank denies the remaining allegations in paragraph 147.

148.    To the extent paragraph 148 purports to describe the contents of Wells Fargo Bank's December 6, 2023 letter to Plaintiff Beloff, Wells Fargo Bank refers to that letter, which speaks for itself, for a complete statement of its terms.  Wells Fargo Bank denies the allegations of paragraph 148 to the extent they are inconsistent therewith.  Wells Fargo also denies that the letter was "inaccurate."

149.    Wells Fargo Bank lacks knowledge and information sufficient to form a basis as to the truth or falsity of the allegations in paragraph 149, and, on that basis, denies the allegations.

150.    Answering paragraph 150, Wells Fargo Bank admits that its December 6, 2023 letter to Plaintiff Beloff enclosed a check for $200.00.  Wells Fargo Bank denies the remaining allegations in paragraph 150.

151.    Wells Fargo Bank denies the allegations in paragraph 151.

### PLAINTIFF JOHN RISCONSIN'S FACTUAL ALLEGATIONS

152.    Answering paragraph 152, Wells Fargo Bank admits that on March 14, 2006, Plaintiff Risconsin executed a Mortgage that granted a security interest on the Risconsin Property.

153.    Wells Fargo Bank denies the allegations in paragraph 153.

154.    Wells Fargo Bank denies the allegations in paragraph 154.

155.    Wells Fargo Bank lacks knowledge and information sufficient to form a basis as to the truth or falsity of the allegations in paragraph 155, and, on that basis, denies the allegations.

156.    Wells Fargo Bank lacks knowledge and information sufficient to form a basis as to the truth or falsity of the allegations in paragraph 156, and, on that basis, denies the allegations.

157.    Wells Fargo Bank denies the allegations in paragraph 157.

158.    Wells Fargo Bank lacks knowledge and information sufficient to form a basis as to the truth or falsity of the allegations in paragraph 158, and, on that basis, denies the allegations.

159.    Answering paragraph 159, Wells Fargo Bank admits that the referenced property was sold via sheriff's sale on November 12, 2010.

160.    To the extent paragraph 160 purports to describe the contents of Wells Fargo Bank's December 4, 2023 letter to Plaintiff Risconsin, Wells Fargo Bank refers to that letter, which speaks for itself, for a complete statement of its terms.  Wells Fargo Bank denies the allegations of paragraph 160 to the extent they are inconsistent therewith.  Wells Fargo also denies that the letter was "inaccurate."

161.    Wells Fargo Bank lacks knowledge and information sufficient to form a basis as to the truth or falsity of the allegations in paragraph 161, and, on that basis, denies the allegations.

162.    Answering paragraph 162, Wells Fargo Bank admits that its December 4, 2023 letter to Plaintiff Risconsin enclosed a check for $200.00.  Wells Fargo Bank denies the remaining allegations in paragraph 162.

163.    Wells Fargo Bank denies the allegations in paragraph 163.

## PLAINTIFF ADRENIA KEA'S FACTUAL ALLEGATIONS

164.    Answering paragraph 164, Wells Fargo Bank admits that on April 6, 2012, Plaintiff Kea executed a Deed of Trust that granted Wells Fargo Bank a security interest on the Kea Property.

165.    Answering paragraph 165, Wells Fargo Bank admits that it discussed loss mitigation options with Plaintiff Kea in 2017.

166.    Wells Fargo Bank admits the allegations in paragraph 166.

167.    Wells Fargo Bank admits the allegations in paragraph 167.

168.    Wells Fargo Bank denies the allegations in paragraph 168.

169.    Answering paragraph 169, Wells Fargo Bank admits that it discussed loss mitigation options with Plaintiff Kia in January 2018.  Wells Fargo Bank lacks knowledge and information sufficient to form a basis as to the truth or falsity of the remaining allegations in paragraph 169, and, on that basis, denies the allegations.

170.    Wells Fargo Bank denies the allegations in paragraph 170.

171.    Answering paragraph 171, Wells Fargo Bank admits that it never approved Plaintiff Kea for a subsequent loan modification but denies that Plaintiff Kea submitted a complete loan modification application and denies that Plaintiff Kea was wrongly denied a loan modification.

172.    Answering paragraph 172, Wells Fargo Bank admits that it referred Plaintiff Kea's loan for foreclosure.  Wells Fargo Bank lacks knowledge and information sufficient to form a basis as to the truth or falsity of the remaining allegations in paragraph 172, and, on that basis, denies the allegations.

173.    To the extent paragraph 173 purports to describe the contents of Wells Fargo Bank's June 10, 2024 letter to Plaintiff Kea, Wells Fargo Bank refers to that letter, which speaks for itself, for a complete statement of its terms.  Wells Fargo Bank denies the allegations of paragraph 173 to the extent they are inconsistent therewith.  Wells Fargo also denies that the letter was "inaccurate."

174.    Wells Fargo Bank lacks knowledge and information sufficient to form a basis as to the truth or falsity of the allegations in paragraph 174, and, on that basis, denies the allegations.

175.    Answering paragraph 175, Wells Fargo Bank admits that its June 10, 2024 letter to Plaintiff Kea enclosed a check for $500.00.  Wells Fargo Bank denies the remaining allegations in paragraph 175.

176.    Wells Fargo Bank denies the allegations in paragraph 176.

**PLAINTIFF RUTH VERGARA'S FACTUAL ALLEGATIONS**

177.    Answering paragraph 177, Wells Fargo Bank admits that it serviced Plaintiff Vergara's mortgage loan.  Wells Fargo Bank denies the remaining allegations in paragraph 177.

178.    Answering paragraph 178, Wells Fargo Bank admits that it discussed loss mitigation options with Plaintiff Vergara in 2014.

- 18 -

179. Answering paragraph 179, Wells Fargo Bank admits that Plaintiff Vergara executed a permanent loan modification agreement on May 8, 2014.

180. Wells Fargo Bank denies the allegations in paragraph 180.

181. To the extent paragraph 18 purports to describe the contents of Wells Fargo Bank's June 10, 2024 letter to Plaintiff Vergara, Wells Fargo Bank refers to that letter, which speaks for itself, for a complete statement of its terms. Wells Fargo Bank denies the allegations of paragraph 181 to the extent they are inconsistent therewith. Wells Fargo also denies that the letter was "inaccurate."

182. Wells Fargo Bank lacks knowledge and information sufficient to form a basis as to the truth or falsity of the allegations in paragraph 182, and, on that basis, denies the allegations.

183. Answering paragraph 183, Wells Fargo Bank admits that its June 10, 2024 letter to Plaintiff Vergara enclosed a check for $1,000.00. Wells Fargo Bank denies the remaining allegations in paragraph 183.

184. Wells Fargo Bank denies the allegations in paragraph 184.

**PLAINTIFF LAURENCE PETERSON
AND MARCIA PETERSON'S FACTUAL ALLEGATIONS**

185. Wells Fargo Bank admits the allegations in paragraph 185.

186. Wells Fargo Bank denies the allegations in paragraph 186.

187. Answering paragraph 187, Wells Fargo Bank admits that on June 15, 2015, Plaintiffs Peterson executed a permanent loan modification agreement. Wells Fargo Bank denies the remaining allegations in paragraph 187.

188. Wells Fargo Bank denies the allegations in paragraph 188.

189. Wells Fargo Bank denies the allegations in paragraph 189.

190. To the extent paragraph 190 purports to describe the contents of Wells Fargo Bank's June 21, 2024 letter to Plaintiffs Peterson, Wells Fargo Bank refers to that letter, which speaks for itself, for a complete statement of its terms. Wells Fargo Bank denies the allegations of paragraph 190 to the extent they are inconsistent therewith. Wells Fargo also denies that the letter was "inaccurate."

191. Wells Fargo Bank lacks knowledge and information sufficient to form a basis as to the truth or falsity of the allegations in paragraph 191, and, on that basis, denies the allegations.

192. Answering paragraph 192, Wells Fargo Bank admits that its June 21, 2024 letter to Plaintiffs Peterson enclosed a check for $5,148.12. Wells Fargo Bank denies the remaining allegations in paragraph 192.

193. Wells Fargo Bank denies the allegations in paragraph 193.

**PLAINTIFFS BRADLEY LIGGETT AND KYRA LIGGETT'S FACTUAL ALLEGATIONS**

194. Wells Fargo Bank denies the allegations in paragraph 194.

195. Answering paragraph 195, Wells Fargo Bank admits that it discussed loss mitigation options with Plaintiffs Liggett in June 2012.

196. Wells Fargo Bank denies the allegations in paragraph 196.

197. Answering paragraph 197, Wells Fargo Bank admits that it discussed loss mitigation options with Plaintiffs Liggett in 2015.

198. Answering paragraph 198, Wells Fargo Bank admits that Plaintiffs Liggett executed a permanent loan modification agreement in September 2015.

199. Wells Fargo Bank denies the allegations in paragraph 199.

200. Wells Fargo Bank lacks knowledge and information sufficient to form a basis as to the truth or falsity of the allegations in paragraph 200, and, on that basis, denies the allegations.

201. To the extent paragraph 201 purports to describe the contents of Wells Fargo Bank's June 13, 2024 letter to Plaintiffs Liggett, Wells Fargo Bank refers to that letter, which speaks for itself, for a complete statement of its terms. Wells Fargo Bank denies the allegations of paragraph 201 to the extent they are inconsistent therewith. Wells Fargo also denies that the letter was "inaccurate."

202. Wells Fargo Bank lacks knowledge and information sufficient to form a basis as to the truth or falsity of the allegations in paragraph 202, and, on that basis, denies the allegations.

- 20 -

DEFENDANT WELLS FARGO BANK, N.A.'S ANSWER TO PLAINTIFF'S
THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
CASE NO. 3:24-CV-01358-MMC

203.    Answering paragraph 203, Wells Fargo Bank admits that its June 13, 2024 letter to Plaintiffs Liggett enclosed a check for $3,331.20.  Wells Fargo Bank denies the remaining allegations in paragraph 203.

204.    Wells Fargo Bank denies the allegations in paragraph 204.

### PLAINTIFF DEANNA CLINGERMAN'S FACTUAL ALLEGATIONS

205.    Answering paragraph 205, Wells Fargo Bank admits that Plaintiff Clingerman executed an Open-End Mortgage on April 23, 2014, which gave Wells Fargo Bank a security interest in the Clingerman Property.

206.    Answering paragraph 206, Wells Fargo Bank admits that it discussed loss mitigation options with Plaintiff Clingerman in 2015.

207.    Answering paragraph 207, Wells Fargo Bank admits that Plaintiff Clingerman executed a permanent loan modification agreement on October 4, 2016.  Wells Fargo Bank denies the remaining allegations in paragraph 207.

208.    Wells Fargo Bank denies the allegations in paragraph 208.

209.    To the extent paragraph 209 purports to describe the contents of Wells Fargo Bank's June 13, 2024 letter to Plaintiff Clingerman, Wells Fargo Bank refers to that letter, which speaks for itself, for a complete statement of its terms.  Wells Fargo Bank denies the allegations of paragraph 209 to the extent they are inconsistent therewith.  Wells Fargo also denies that the letter was "inaccurate."

210.    Wells Fargo Bank lacks knowledge and information sufficient to form a basis as to the truth or falsity of the allegations in paragraph 210. and, on that basis, denies the allegations.

211.    Answering paragraph 211, Wells Fargo Bank admits that its June 13, 2024 letter to Plaintiff Clingerman enclosed a check for $569.54.  Wells Fargo Bank denies the remaining allegations in paragraph 211.

212.    Wells Fargo Bank denies the allegations in paragraph 212.

### PLAINTIFF BRIAN KEAVENY'S FACTUAL ALLEGATIONS

213.    Answering paragraph 213, Wells Fargo Bank admits that Plaintiff Keaveny executed a Deed of Trust on July 20, 2009 which granted Wells Fargo Bank a security interest in the Keaveny Property.

214.    Answering paragraph 214, Wells Fargo Bank admits that it discussed loss mitigation options with Plaintiff Keaveney in 2014.

215.    Wells Fargo Bank denies the allegations in paragraph 215.

216.    Answering paragraph 216, Wells Fargo Bank admits that Plaintiff Keaveny executed a permanent loan modification agreement in October 2013.

217.    Wells Fargo Bank denies the allegations in paragraph 217.

218.    Wells Fargo Bank lacks knowledge and information sufficient to form a basis as to the truth or falsity of the allegations in paragraph 218, and, on that basis, denies the allegations.

219.    To the extent paragraph 219 purports to describe the contents of Wells Fargo Bank's June 13, 2024 letter to Plaintiff Keaveny, Wells Fargo Bank refers to that letter for a complete statement of its terms.  Wells Fargo Bank denies the allegations of paragraph 219 to the extent they are inconsistent therewith.  Wells Fargo also denies that the letter was "inaccurate."

220.    Wells Fargo Bank lacks knowledge and information sufficient to form a basis as to the truth or falsity of the allegations in paragraph 220, and, on that basis, denies the allegations.

221.    Answering paragraph 221, Wells Fargo Bank admits that its June 13, 2024 letter to Plaintiff Keaveny enclosed a check for $2,316.23.  Wells Fargo Bank denies the remaining allegations in paragraph 221.

222.    Wells Fargo Bank denies the allegations in paragraph 222.

**PLAINTIFF RENEE BOUCHER FERGUSON'S FACTUAL ALLEGATIONS**

223.    Answering paragraph 223, Wells Fargo Bank admits that it serviced Plaintiff Ferguson's mortgage loan.  Wells Fargo Bank lacks knowledge and information sufficient to form a basis as to the truth or falsity of the remaining allegations in paragraph 223, and, on that basis, denies the allegations.

224. Answering paragraph 224, Wells Fargo Bank admits that it discussed loss mitigation options with Plaintiff Ferguson in 2012.

225. To the extent paragraph 225 purports to describe the contents of Plaintiff Ferguson's June 11, 2012 permanent loan modification agreement, Wells Fargo Bank refers to that agreement, which speaks for itself, for a complete statement of its terms. Wells Fargo Bank denies the allegations of paragraph 2225 to the extent they are inconsistent therewith.

226. Wells Fargo Bank denies the allegations in paragraph 226.

227. To the extent paragraph 227 purports to describe the contents of Wells Fargo Bank's June 11, 2024 letter to Plaintiff Ferguson, Wells Fargo Bank refers to that letter, which speaks for itself, for a complete statement of its terms. Wells Fargo Bank denies the allegations of paragraph 227 to the extent they are inconsistent therewith. Wells Fargo also denies that the letter was "inaccurate."

228. Wells Fargo Bank lacks knowledge and information sufficient to form a basis as to the truth or falsity of the allegations in paragraph 228, and, on that basis, denies the allegations.

229. Wells Fargo Bank denies the allegations in paragraph 229.

230. Answering paragraph 230, Wells Fargo Bank admits that it sent Plaintiff Ferguson letter on June 11, 2024 that enclosed a check for $500.00. Wells Fargo Bank denies the remaining allegations in paragraph 230.

231. Wells Fargo Bank denies the allegations in paragraph 231.

## CLASS ALLEGATIONS

232. The allegations of paragraph 232 constitute characterizations of Plaintiffs' Third Amended Class Action Complaint to which no response is required. To the extent a response is required, Wells Fargo Bank denies the allegations of paragraph 232. Wells Fargo Bank specifically denies that the proposed class definition is proper or that this action is appropriate for class treatment.

233. The allegations of paragraph 233 constitute characterizations of Plaintiffs' Third Amended Class Action Complaint to which no response is required. To the extent a response is

- 23 -

required, Wells Fargo Bank denies the allegations of paragraph 233.  Wells Fargo Bank specifically denies that the proposed class definition is proper or that this action is appropriate for class treatment.

234.    The allegations of paragraph 234 constitute characterizations of Plaintiffs' Third Amended Class Action Complaint to which no response is required.  To the extent a response is required, Wells Fargo Bank denies the allegations of paragraph 234.  Wells Fargo Bank specifically denies that the proposed class definition is proper or that this action is appropriate for class treatment.

235.    The allegations of paragraph 235 constitute characterizations of Plaintiffs' Third Amended Class Action Complaint to which no response is required.  To the extent a response is required, Wells Fargo Bank denies the allegations of paragraph 235.  Wells Fargo Bank specifically denies that the proposed class definition is proper or that this action is appropriate for class treatment.

236.    The allegations of paragraph 236 constitute characterizations of Plaintiffs' Third Amended Class Action Complaint to which no response is required.  To the extent a response is required, Wells Fargo Bank denies the allegations of paragraph 236.  Wells Fargo Bank specifically denies that the proposed class definition is proper or that this action is appropriate for class treatment.

237.    The allegations of paragraph 237 constitute characterizations of Plaintiffs' Third Amended Class Action Complaint to which no response is required.  To the extent a response is required, Wells Fargo Bank denies the allegations of paragraph 237.  Wells Fargo Bank specifically denies that the proposed class definition is proper or that this action is appropriate for class treatment.

238.    The allegations of paragraph 238 constitute characterizations of Plaintiffs' Third Amended Class Action Complaint to which no response is required.  To the extent a response is required, Wells Fargo Bank denies the allegations of paragraph 238.  Wells Fargo Bank specifically denies that the proposed class definition is proper or that this action is appropriate for class treatment.

239.    The allegations of paragraph 239 constitute characterizations of Plaintiffs' Third Amended Class Action Complaint to which no response is required.  To the extent a response is required, Wells Fargo Bank denies the allegations of paragraph 239.  Wells Fargo Bank specifically denies that the proposed class definition is proper or that this action is appropriate for class treatment.

240.    The allegations of paragraph 240 constitute characterizations of Plaintiffs' Third Amended Class Action Complaint to which no response is required.  To the extent a response is required, Wells Fargo Bank denies the allegations of paragraph 240.  Wells Fargo Bank specifically denies that the proposed class definition is proper or that this action is appropriate for class treatment.

241.    The allegations of paragraph 241 constitute characterizations of Plaintiffs' Third Amended Class Action Complaint to which no response is required.  To the extent a response is required, Wells Fargo Bank denies the allegations of paragraph 241.  Wells Fargo Bank specifically denies that the proposed class definition is proper or that this action is appropriate for class treatment.

242.    Wells Fargo Bank denies the allegations in paragraph 242.

243.    Wells Fargo Bank denies the allegations in paragraph 243.

244.    Wells Fargo Bank denies the allegations in paragraph 244.

245.    Wells Fargo Bank denies the allegations in paragraph 245.

246.    Wells Fargo Bank denies the allegations in paragraph 246.

247.    The allegations of paragraph 247 constitute characterizations of Plaintiffs' Third Amended Class Action Complaint to which no response is required.  To the extent a response is required, Wells Fargo Bank denies the allegations of paragraph 247.  Wells Fargo Bank specifically denies that the proposed class definition is proper or that this action is appropriate for class treatment.

248.    Wells Fargo Bank denies the allegations in paragraph 248.

249.    Wells Fargo Bank denies the allegations in paragraph 249.

250.    Wells Fargo Bank denies the allegations in paragraph 250.

251.    Wells Fargo Bank denies the allegations in paragraph 251.

252.    Wells Fargo Bank denies the allegations in paragraph 252.

**COUNT ONE**
**BREACH OF CONTRACT**
**(Brought on behalf of Plaintiffs, Class and Subclass)**

253.    Wells Fargo Bank incorporates by reference its responses to each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.  Wells Fargo Bank denies that this action is appropriate for class treatment.

254.    The allegations contained in paragraph 254 are legal conclusions to which no response is required.  To the extent a response is required, Wells Fargo Bank denies the allegations in paragraph 254.

255.    The allegations contained in paragraph 255 are legal conclusions to which no response is required.  To the extent a response is required, Wells Fargo Bank denies the allegations in paragraph 255.

256.    The allegations contained in paragraph 256 are legal conclusions to which no response is required.  To the extent a response is required, Wells Fargo Bank denies the allegations in paragraph 256.[3]

257.    The allegations contained in paragraph 257 are legal conclusions to which no response is required.  To the extent a response is required, Wells Fargo Bank denies the allegations in paragraph 257.

258.    Wells Fargo Bank denies the allegations in paragraph 258.

259.    Wells Fargo Bank denies the allegations in paragraph 259.

260.    Wells Fargo Bank denies the allegations in paragraph 260.

261.    The allegations in paragraph 261 are legal conclusions to which no response is required. To the extent a response is required, Wells Fargo Bank denies the allegations in paragraph 261.[4]

262.    The allegations contained in paragraph 262 are legal conclusions to which no response is required.  To the extent a response is required, Wells Fargo Bank denies the allegations in paragraph 262.

---

[3] The allegations in footnotes 10 and 11 are legal conclusions to which no response is required.  To the extent a response is required, Wells Fargo Bank denies the allegations in footnotes 10 and 11.
[4] The allegations in footnotes 12, 13, 14, and 15 are legal conclusions to which no response is required. To the extent a response is required, Wells Fargo Bank denies the allegations in footnotes 12, 13, 14, and 15.

263. Wells Fargo Bank denies the allegations in paragraph 263.

264. Wells Fargo Bank denies the allegations in paragraph 264.

265. Wells Fargo Bank denies the allegations in paragraph 265.

266. The allegations contained in paragraph 266 are legal conclusions to which no response is required. To the extent a response is required, Wells Fargo Bank denies the allegations in paragraph 266.

267. Wells Fargo Bank denies the allegations in paragraph 267.

268. The allegations in paragraph 268 are legal conclusions to which no response is required. To the extent a response is required, Wells Fargo Bank denies the allegations in paragraph 268.

269. Wells Fargo Bank denies the allegations in paragraph 269.

270. Wells Fargo Bank denies the allegations in paragraph 270.

271. Wells Fargo Bank denies the allegations in paragraph 271.

272. Wells Fargo Bank denies the allegations in paragraph 272.

273. Wells Fargo Bank denies the allegations in paragraph 273.

274. Wells Fargo Bank denies the allegations in paragraph 274.

275. The allegations in paragraph 275 are legal conclusions to which no response is required. To the extent a response is required, Wells Fargo Bank denies the allegations in paragraph 275.

276. Wells Fargo Bank denies the allegations in paragraph 276.

277. Wells Fargo Bank denies the allegations in paragraph 277.

278. Wells Fargo Bank denies the allegations in paragraph 278.

279. Wells Fargo Bank denies the allegations in paragraph 279.

280. Wells Fargo Bank denies the allegations in paragraph 280.

281. Wells Fargo Bank denies the allegations in paragraph 281.

282. Wells Fargo Bank denies the allegations in paragraph 282.

283.–398.  The Court dismissed Counts Two, Three, Four, Five, Six, Seven, and Eight pursuant to its April 24, 2016 Order Granting in Part and Denying in Part Motion to Dismiss.  Accordingly, no response to paragraphs 283–398 is required.

## DEFENSES

Wells Fargo Bank hereby alleges the following separate and distinct defenses to the Third Amended Class Action Complaint and the cause of action asserted against Wells Fargo Bank therein, and without assuming the burden of proof on matters as to which it has no such burden:

## FIRST DEFENSE

(Failure to State a Claim)

The Third Amended Class Action Complaint fails to state a claim against Wells Fargo Bank upon which relief can be granted.

## SECOND DEFENSE

(Standing)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to sue.

## THIRD DEFENSE

(Statute of Limitations)

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

## FOURTH DEFENSE

(Actual and Proximate Injury)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs were not actually and proximately injured by reason of any action(s) or omission(s) of Wells Fargo Bank.

## FIFTH DEFENSE

(Failure to Satisfy Rule 23)

This action cannot be maintained as a class action because the requirements of Fed. R. Civ. P. 23 are not satisfied.

## SIXTH DEFENSE

(Unjust Enrichment)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and members of the putative class would be unjustly enriched if allowed to recover any portion of the damages alleged in the Third Amended Class Action Complaint.

## SEVENTH DEFENSE

(Waiver and Estoppel)

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## EIGHTH DEFENSE

(Failure to Mitigate Damages)

Plaintiffs failed to take proper and reasonable steps to avoid, minimize, or mitigate Plaintiffs' alleged damages and, to the extent of such failure, the damages allegedly incurred by Plaintiffs, if any, should be reduced accordingly or eliminated entirely.

## NINTH DEFENSE

(Unclean Hands)

Wells Fargo Bank alleges some or all of Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## TENTH DEFENSE

(Compliance with the National Mortgage Settlement Term Sheet)

Some or all of Plaintiffs' claims are barred, in whole or in part, because Wells Fargo Bank complied with the National Mortgage Settlement Term Sheet.

## ELEVENTH DEFENSE

(Compliance with Federal Rules and Regulations)

Wells Fargo Bank at all times acted in good faith and in conformance with all applicable government and industry standards, federal rules and regulations, thus precluding any recovery by Plaintiffs against Wells Fargo Bank.

## TWELFTH DEFENSE

(Voluntary Payment Doctrine)

Some or all of Plaintiffs' claims are barred, in whole or in part, by the voluntary payment doctrine.

## THIRTEENTH DEFENSE

(Servicing Guidelines and HAMP Do Not Have the Force of Law)

Some or all of Plaintiffs' claims are barred, in whole or in part, because the referenced Servicing Guidelines and HAMP do not have the force of law.

## FOURTEENTH DEFENSE

(Claims Barred by Contract)

Wells Fargo Bank's contractual relationship with Plaintiffs was governed by the contract documents entered into by and between the parties.  The contract documents set forth the various terms concerning duties and limitations of liability; and those terms are incorporated herein by reference. Because the Third Amended Class Action Complaint seeks relief contrary to the terms of those contract documents, it fails to state facts sufficient to constitute causes of action upon which relief can be granted and is, accordingly, barred.

## FIFTEENTH DEFENSE

(Good Faith)

This action is barred, in whole or in part, because Wells Fargo Bank always acted in good faith and honesty in fact, and always observed reasonable commercial standards of fair dealing in the trade, when dealing with Plaintiffs.

## SIXTEENTH DEFENSE

(Plaintiffs' Breaches of Contract)

Plaintiffs' claims are barred, in whole or in part, as a result of Plaintiffs' breaches of their mortgage contracts.

## SEVENTEENTH DEFENSE

(Set-Off/Recoupment)

Plaintiffs' claims are barred, in whole or in part, by the doctrines of set-off and recoupment to the extent that Plaintiffs have already received payment, or that Plaintiffs have unpaid debt.

## EIGHTEENTH DEFENSE

(Speculative Damages)

Wells Fargo Bank alleges any damage or loss Plaintiffs did incur as a result of any act or conduct by Wells Fargo Bank would be speculative at best and, thus, too uncertain for recovery.

## NINETEENTH DEFENSE

(Abandonment)

Some or all of Plaintiffs' claims are barred because they abandoned the properties securing their loans.

## TWENTIETH DEFENSE

(Laches)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## TWENTY-FIRST DEFENSE

(Improper Venue)

Plaintiffs' claims are barred, in whole or in part, because venue is not proper in this District.

## TWENTY-SECOND DEFENSE

(Preemption)

Plaintiffs' claims are barred because they are preempted by applicable federal law and regulations, including the National Bank Act.

## TWENTY-THIRD DEFENSE

(Accord and Satisfaction)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### TWENTY-FOURTH DEFENSE

(Impossibility and/or Impracticability)

Plaintiffs' claims are barred, in whole or in part, by the doctrines of impossibility and/or impracticability of performance.

### TWENTY-FIFTH DEFENSE

(Failure of Conditions Precedent)

Plaintiffs' claims are barred, in whole or in part, by failures of conditions precedent.

### OTHER DEFENSES

Wells Fargo Bank has insufficient knowledge or information upon which to form a belief as to whether it may have available additional, as yet unstated, defenses. Wells Fargo Bank expressly reserves the right to assert additional defenses as this action proceeds, the right to file an amended answer asserting additional defenses, and/or file a cross-complaint, in the event that discovery indicates that such pleadings and defenses are appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Wells Fargo Bank prays for judgment as follows:

1. That judgment be entered in favor of Wells Fargo Bank;

2. That Plaintiffs take nothing by way of their Third Amended Complaint and the claims asserted herein;

3. That the Third Amended Complaint, and the claims against Wells Fargo Bank, be dismissed with prejudice;

4. That Wells Fargo Bank be awarded costs of suit, including attorneys' fees incurred in defense of this action; and

5. That Wells Fargo Bank be granted such other relief as the Court deems just and proper.

Dated: May 8, 2026

WINSTON & STRAWN LLP

By:   /s/ *Amanda L. Groves*
Amanda L. Groves (SBN: 187216)
agroves@winston.com
Shawn R. Obi (SBN: 288088)
sobi@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Angela A. Smedley (admitted *pro hac vice*)
Asmedley@winston.com
WINSTON & STRAWN LLP
300 N. LaSalle Drive
Chicago, IL 60654
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

Attorneys for Defendant
WELLS FARGO BANK, N.A.

DEFENDANT WELLS FARGO BANK, N.A.'S ANSWER TO PLAINTIFF'S
THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
CASE NO. 3:24-CV-01358-MMC