Thomas A. Zimmerman, Jr.*
ZIMMERMAN LAW OFFICES, P.C.
7199 S. Kingery Highway, Unit 1148
Willowbrook, Illinois 60527
Telephone: (312) 440-0020
Facsimile: (312) 440-4180
tom@attorneyzim.com

Marc E. Dann*
DANNLAW
15000 Madison Avenue
Lakewood, OH 44107
(216) 373-0539 telephone
(216) 373-0536 facsimile
notices@dannlaw.com

*Admitted Pro Hac Vice
Attorneys for Plaintiffs

[Additional Counsel Appear on Signature Page]

**IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *In re Wells Fargo Mortgage Modification Litigation* | Case No. 3:24-cv-01358-MMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Initial Complaint Filed: March 7, 2024<br>Consolidated Class Action Comp. Filed: July 8, 2024<br>Second Amended Consolidated Complaint Filed: January 9, 2025<br>Third Amended Consolidated Complaint Filed: January 20, 2026<br><br>DATE: June 26, 2026<br><br>TIME: 10:30 a.m.<br><br>**HON. MAXINE M. CHESNEY** |

JOINT CASE MANAGEMENT STATEMENT

Plaintiffs Myron Curry, Darrell Forney, Chester Nelson, Samuel Beloff, Adrenia Kea, Ruth Vergara, Laurence Peterson, Marcia Peterson, Bradley Liggett, Kyra Liggett, Deanna Clingerman, Brian Keaveny, and Renae Boucher Ferguson, individually and on behalf of all others similarly situated, ("Plaintiffs") and Defendant Wells Fargo Bank, N.A. ("Wells Fargo") (collectively, the "Parties"), having met and conferred, regarding the matters set forth herein, and hereby submit this Joint Case Management Statement pursuant to Civil L. R. 16-10(d) in advance of the Further Case Management Conference scheduled for June 26, 2026 at 10:30 a.m. PST.

## I.    JURISDICTION AND SERVICE

Neither Party contests the jurisdiction of this Court. Jurisdiction in proper in this Court pursuant to 28 U.S.C. § 1332 (Class Action Fairness Act).

Defendant Wells Fargo Bank, N.A. was served with the Third Amended Consolidated Class Action Complaint via electronic service from the Court's CM/ECF System on January 20, 2026. Defendant agrees this is the proper venue.

## II.    FACTS

Plaintiffs: Plaintiffs filed their Third Amended Consolidated Complaint ("TACC") on January 20, 2026 (Doc. 127) asserting claims for Statutory Relief under Breach of Contract (Count I); violations of California Unfair Competition Law, Cal. Bus. and Prof. Code § 17200, *et seq.* (Count II); violations of Illinois Consumer Fraud and Deceptive Business Practices Act (Count III); violations of Pennsylvania Uniform Trade Practices Act (Count IV); violations of North Carolina Unfair and Deceptive Trade Practices Act (Count V); violations of District of Columbia Consumer Protection Procedures Act (Count VI); violations of New York Gen. Bus. Law § 349 (Count VII); and Unjust Enrichment (Count VIII).

Plaintiffs allege Wells Fargo committed errors in calculating borrowers' eligibility for mortgage loan modifications based upon continued use of faulty mortgage modification software which Wells Fargo has known was faulty since 2008. The continued use of this faulty software caused

some borrowers to be wrongfully denied modifications that Wells Fargo was legally required to offer and/or caused some borrowers to be approved for modifications based on faulty calculations that were to the detriment of the borrower.  Plaintiffs allege that Wells Fargo knew of these errors for years and concealed this information from Plaintiffs and Class members until December 2023, when Wells Fargo began notifying the Plaintiffs and Class members of potential errors relative to their loan modifications.

Defendant:

This Court granted Wells Fargo's Motion to Dismiss the Third Amended Complaint on April 24, 2026 in part. Plaintiffs' only surviving claim is for breach of contract. Plaintiffs' claim concerns mortgage loans serviced by Wells Fargo. Experiencing financial difficulties and unable to meet their mortgage obligations, Plaintiffs sought loss mitigation options from Wells Fargo. Plaintiffs' circumstances varied: some say they were denied a loan modification (Nelson,); some say they were granted permanent loan modifications (Vergara, Peterson, Liggett, Clingerman, Keaveny, Ferguson); and some say they submitted multiple modification requests with varying outcomes—approved, denied, or unacknowledged (Curry, Forney, Beloff, Kea). Plaintiffs allege that automated calculation errors caused awards of temporary or permanent loss mitigation options based on erroneous calculations. Without alleging that their financial situations improved in a way that would have allowed Plaintiffs to successfully participate in either a trial or permanent modification, some Plaintiffs suggest this error resulted in the loss of their properties, either by standard sale (Curry, Kea, Liggett, Keaveny), deed-in-lieu of foreclosure (Beloff), or foreclosure (Forney, Nelson). Others (Vergara, Peterson, Clingerman, and Ferguson) remain in their homes and are making their modified mortgage payments.

In 2023, Wells Fargo began a remediation program to assist borrowers potentially impacted by the error. Plaintiffs acknowledge they received payments via that process.  A few months after receiving payment, Plaintiffs initiated this action.

JOINT CASE MANAGEMENT STATEMENT

Plaintiffs purport to assert claims on behalf of a putative nationwide class and various state subclasses.

**III.    LEGAL ISSUES**

Plaintiffs: The key legal issues in this case are: (1) whether the faulty calculations for loan modifications by Defendant were proper; (2) whether the faulty calculations for loan modifications by Defendant caused Plaintiffs and Class members to suffer damages; (3) whether the faulty calculations by Defendant constitute violations of the various consumer protection statutes (the "State UDAP Statutes"); (4) whether Defendant's failure to correct known errors with its loan modification software was negligent; (5) whether Plaintiffs and State Subclass members are entitled to an award of statutory damages for the violations, as applicable, for the violations of State UDAP Statutes; (6) whether Plaintiffs and State Subclass members are entitled to an award of punitive damages for the violations, as applicable, for violations of Counts II through VII of the TACC and/or the State UDAP Statutes; and (7) whether Plaintiffs can meet the requirements for this action to be maintained as a class action.

Defendant: Wells Fargo disputes the viability of Plaintiffs' remaining breach of contract claim.  Nor will Plaintiffs be able to meet the requirements necessary to maintain this action as a class action. Plaintiffs are not entitled to and should not be awarded damages of any kind, legal fees, costs, or any other relief sought.

**IV.    MOTIONS**

Plaintiffs: There are no pending motions at this time. Plaintiffs anticipate filing a motion to amend the TACC to add back their claims for violations of the State UDAP Statutes after Plaintiffs conduct discovery on those claims, as the Court dismissed those claims without prejudice to allow Plaintiffs to conduct discovery and replead those claims with the requisite factual support. Doc. 142. Plaintiffs also anticipate filing a motion for class certification at the close of discovery, and reserve the right to file a motion for summary judgment as to liability on any of the claims asserted in the

TACC.  Plaintiffs also anticipate filing motions in limine at the appropriate time.

Defendant: Wells Fargo anticipates filing a motion for summary judgment at the close of discovery. Wells Fargo also anticipates filing motions in limine at the appropriate time.

## V.    AMENDMENT OF PLEADINGS

Plaintiffs: Plaintiffs anticipate filing a motion to amend the TACC to add back their claims for violations of the State UDAP Statutes after Plaintiffs conduct discovery on those claims, as the Court dismissed those claims without prejudice to allow Plaintiffs to conduct discovery and replead those claims with the requisite factual support. Doc. 142.

Defendant: Wells Fargo's position is that, at this stage in the litigation and consistent with this Court's April 24, 2026 order on Wells Fargo's Motion to Dismiss and the record from the hearing on that motion, Plaintiffs may only seek leave to amend the pleadings upon a showing of good cause under Fed. R. Civ. Pro. 16(b).

## VI.    EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and the Parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps they have taken to preserve evidence relevant to the issues reasonably evident in this action. The Parties will meet and confer with one another regarding any specific preservation requests.

## VII.    DISCLOSURES

The Parties will exchange initial disclosures by July 2, 2026.

## VIII.    DISCOVERY

Plaintiffs served a combined First Set of Written Interrogatories and First Set of Written Requests for Production of Documents on Defendant prior to the Civ.R. 26(f) Conference, which are deemed served as of February 26, 2025.  Discovery was stayed until April 28, 2026. Dkt. 145.  Wells Fargo began producing documents on June 11, 2026.

JOINT CASE MANAGEMENT STATEMENT

Plaintiffs' Statement as to the Scope of Discovery:

Plaintiffs anticipate the need to take discovery on all subjects related to Defendant's conduct as alleged in the TACC including, but not limited to: (1) the number of Class members; (2) the number of Subclass members; (3) all communications between Defendant and Plaintiffs and Class members related to the servicing of their mortgage loans for all times relevant to the TACC; (4) the receipt, processing, and review by Defendant of all applications for loss mitigation submitted by Plaintiff and Class members for all times relevant to the TACC; (5) whether Defendant's review of all loss mitigation applications submitted by Plaintiffs and Class members complied with the applicable contract terms of the servicing of their loans; (6) Defendant's loss mitigation software used for all times relevant to the TACC; (7) all notes, memoranda, work product, investigation, etc. conducted by Wells Fargo into the software errors in Defendant's loss mitigation software used for all times relevant to the TACC; (8) all third party vendors, if any, hired by Wells Fargo to investigate the software errors in Defendant's loss mitigation software used for all times relevant to the TACC; (9) all communications between the Defendant and Plaintiffs and Class members related to the notification by Defendant of the software errors for all times relevant to the TACC; (10) any relevant Consent Orders entered into by Wells Fargo with a governmental entity related to the software errors in Defendant's loss mitigation software for all times relevant to the TACC; (11) all communications between Defendant and Plaintiffs and Class members related to the voluntary remediation program; and (12) all calculations utilized by the Defendant in determining the amounts paid in the voluntary remediation program.

Plaintiffs reasonably believe that this discovery can be accomplished through at least one comprehensive set of written discovery requests to Defendant; one deposition pursuant to Civ. R. 30(b)(6); at least one Civ. R. 30(b) deposition of persons identified by Defendant during discovery who have knowledge as to the loss mitigation software; at least one Civ.R. 30(b) deposition of persons

identified by Defendant during discovery who have knowledge of all remediation efforts, if any, to correct the errors in the loss mitigation software; at least one Civ.R. 30(b) deposition of persons identified by Defendant during discovery who have knowledge of the voluntary remediation program; and at least one Civ.R. 30(b) deposition of persons identified by Defendant during discovery who have knowledge of the applicable servicing guidelines used by Wells Fargo in the processing of the permanent loan modification offers to Plaintiffs and Class members.

Defendant's Statement as to the Scope of Discovery:   Wells Fargo believes that discovery will concern only Plaintiffs' mortgage loan contracts and their claimed contract damages, Wells Fargo's communications with Plaintiffs, Wells Fargo's business records related to Plaintiffs' mortgage loans, including records of its loss mitigation efforts and the alleged fee-related errors concerning Plaintiffs' loan modifications, as well as testimony from the Parties.  The loan files of the named Plaintiffs were produced on June 11, 2026.

The Parties do not anticipate a need to exceed the presumptive limits in the Federal Rules of Civil Procedure for Discovery.

The Parties anticipate that no more than 25 interrogatories per Party will be needed.

Plaintiff anticipates that no more than 10 depositions will be needed; however, Defendant will need more than 10 depositions because there are more than 10 named Plaintiffs.

A stipulated protective order was entered on June 9, 2026.

**IX.    CLASS ACTIONS**

Plaintiffs: Pursuant to Civil L.R. 16-9(b), Plaintiffs state the following regarding this class action:

(1) The specific paragraphs of Fed. R. Civ. P. 23 under which this action is maintainable as a class action:

Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23(b)(2), 23(b)(3) and 23(c)(4).

(2) A description of the class or classes in whose behalf the action is brought: Plaintiffs seek

to certify a nationwide class defined as follows:

> All persons, as identified by Defendant constituting mortgagors and for which Defendant was the mortgagee or servicer, in the United States who since January 1, 2008 (i) qualified for a loss mitigation option, (ii) received a temporary or permanent loss mitigation option from Defendant based on inaccurate calculations due to a calculation error in Defendant's loss mitigation decision process, and (iii) were sent an apology letter from Defendant stating that an error may have occurred related to their loss mitigation option.

In addition to the nationwide class, Plaintiffs, through individually designated Class Plaintiffs, seek to certify seven separate subclasses described in Paragraphs 233 – 239 of the TACC (Doc. 127).

(3) Facts showing that the Plaintiffs are entitled to maintain the action under Fed. R. Civ. P. 23(a) and 23(b):

Plaintiffs maintain that the facts of the case will show the following: (a) Plaintiffs and/or Class members had a contractual relationship with Defendant; (b) Defendant reviewed the loans of Plaintiffs and Class members for a permanent loan modification using Defendant's known faulty software; (c) as a result of calculation errors in Defendant's known faulty software, Defendant offered some, if not all, of the Plaintiffs and Class members permanent loan modifications which contained materially false terms inconsistent with the modification(s) for which Plaintiffs and Class members should have been eligible; (d) as a result of calculation errors in Defendant's known faulty software, Defendant denied some, if not all, of the Plaintiffs and Class members for type(s) of permanent loan modifications for which they should have been eligible; (e) Defendant knew of the faulty software errors and failed to take steps to correct those errors; (f) Defendant knew the faulty software errors caused calculation errors in the permanent modification calculations of the loans of Plaintiffs and Class members, and concealed that fact from Plaintiffs and Class members until in and after December 2023; (g) Plaintiffs and Class members suffered actual damages as a result of Defendant's actions described in the TACC; (h) the damages suffered by Plaintiffs and Class members as a result of the conduct of Defendant are typical to each member of the Class; and (i)

8

based upon the uniform conduct of Defendant, a class action is the superior method to adjudicate the harms suffered by Plaintiffs and Class members.

(4) A proposed date for the Court to consider whether the case can be maintained as a class action:

Plaintiffs intend to file a motion for class certification by July 15, 2027.  Plaintiffs have reviewed the Procedural Guidance for Class Action Settlements.

Defendant: Wells Fargo denies that any putative class qualifies for certification under Rule 23 and intends to oppose Plaintiffs' forthcoming motion for class certification.

## X.    RELATED CASES

The Parties are not aware of any related cases that have not already been consolidated with the present action or otherwise listed in the Notices of Related Cases filed with the Court.  Doc. 20, 64, 88.

## XI.    RELIEF

Plaintiffs:  Plaintiffs are seeking relief which includes, but is not limited to: (1) nominal, actual, compensatory, consequential, and incidental damages, as applicable, in a total amount to be determined at trial for the allegations contained in the TACC; (2) punitive damages, as applicable, for the allegations contained in the TACC; (3) declaratory relief finding Defendant's conduct was unlawful, as alleged in the TACC, and entering judgment in favor of Plaintiffs and the Class on the claims asserted therein; (4) pre- and post-judgment interest; (5) an award of all reasonable attorneys' fees and costs of this action, as applicable; and (8) such other relief as the Court deems just and appropriate.

In addition to the relief referenced above, Plaintiffs are seeking non-monetary relief which includes but is not limited to: (1) certification of a Class and Subclasses pursuant to Fed. R. Civ. P. 23; (2) appointment of Plaintiffs as Class Representatives; and (3) appointment of Plaintiffs' counsel as Class Counsel.

Defendant: Wells Fargo denies that Plaintiffs' claims—even if successful—would entitle them to the relief they seek, either individually or on a class-wide basis. Defendant has not brought any counterclaims or sought any affirmative relief.

## XII.   SETTLEMENT AND ADR

The Parties have attempted to engage in preliminary meaningful settlement discussions and do not believe that ADR is appropriate at this time. The Parties anticipate any ADR would likely be in the form of private mediation.

## XIII.   OTHER REFERENCES

The Parties have not determined this matter's suitability for reference to binding arbitration or a special master.

## XIV.   NARROWING OF ISSUES

The Parties continue to be amenable to meeting and conferring regarding narrowing issues.

## XV.   SCHEDULING

The Parties have conferred and do not believe proposing a pre-trial or trial date at this time is appropriate.  Following a ruling on any forthcoming motion for class certification, the Parties can confer for the purposes of submitting an Amended Joint Case Management Statement which proposes both a trial date and the length of trial.

With respect to the other deadlines in the case, the Parties would propose:

a.   Exchange of Initial Disclosures by July 2, 2026;

b.   Fact Discovery Cutoff of June 3, 2027;

c.   Plaintiffs shall disclose their class certification experts by July 15, 2027, along with the filing of their Motion for Class Certification;

d.   Defendant shall disclose its class certification experts by September 16, 2027, along with its response to the Motion for Class Certification;

e.   Plaintiffs shall file their Reply in support of their Motion for Class Certification, along

10

with any expert rebuttal reports by October 21, 2027;

    f.   Expert depositions shall occur within 21 days after service of the expert report; and

    g.   Dispositive Motions to be filed by October 15, 2027.

## XVI.  TRIAL

The Parties have conferred and do not believe proposing a pre-trial or trial date at this time is appropriate.  Following a ruling on any forthcoming motion for class certification, the Parties can confer for the purposes of submitting an Amended Joint Case Management Statement which proposes both a trial date and the length of trial

## XVII.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

<u>Plaintiffs</u>: The Plaintiffs certify that as of this date, there is no conflict of interest to report.

<u>Defendant</u>: Wells Fargo certifies that as of this date, other than the named Parties, there are no other interested entities or persons.

## XVIII. PROFESSIONAL CONDUCT

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XIX.  CONCLUSION

The Parties are not aware at this time of other matters that may facilitate the just, speedy, and inexpensive disposition of this case.

DATED: June 18, 2026

By: */s/ Thomas A. Zimmerman, Jr.*
Thomas A. Zimmerman, Jr.*
ZIMMERMAN LAW OFFICES, P.C.
7199 S. Kingery Highway, Unit 1148
Willowbrook, Illinois 60527
Telephone: (312) 440-0020
Facsimile: (312) 440-4180
tom@attorneyzim.com

Marc E. Dann*
DANNLAW

11

15000 Madison Avenue
Lakewood, OH 44107
Telephone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com

*Interim Co-Lead Class Counsel*

DATED: June 18, 2026    /s/*Amanda L. Groves*
Amanda L. Groves (SBN: 187216)
amanda.groves@winstontaylor.com
Shawn R. Obi (SBN: 288088)
shawn.obi@winstontaylor.com
WINSTON TAYLOR
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Angela A. Smedley (admitted pro hac vice)
angela.smedley@winstontaylor.com
WINSTON TAYLOR
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

*Attorneys for Defendant, WELLS FARGO BANK, N.A.*

JOINT CASE MANAGEMENT STATEMENT